FABIANO v. CAREY.

1. NEGLIGENCE—IMPUTED NEGLIGENCE—MINORS.
   Negligence of driver of car in which plaintiff's decedent, a 19-year old boy, was riding in rear seat *held,* not imputable to decedent in action under survival act against owners and driver of other car involved in collision at an intersection (3 Comp. Laws 1929, § 14040).

2. APPEAL AND ERROR—QUESTION FIRST RAISED ON APPEAL.

> Contention of plaintiff that if automobile collision was the result of concurrent negligence of driver of defendant's car and driver of car in which plaintiff's decedent, a minor, was riding then there could be recovery against either one or both drivers may not be first raised on appeal where plaintiff's case was planted upon and tried under claim that decedent's driver was not guilty of negligence.

3. AUTOMOBILES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—BACK SEAT PASSENGERS.

> Instruction that if decedent, a minor riding in the back seat of an automobile, saw other car involved in intersection collision either approaching or in intersection and his own driver seemed to be oblivious to the danger and failed to say or do something to save himself, he was guilty of contributory negligence *held*, erroneous.

4. SAME—BACK SEAT PASSENGER—CONTRIBUTORY NEGLIGENCE.

> Whether or not a back seat passenger, in position to observe defendants' car near intersection, is guilty of contributory negligence *held*, to depend upon whether danger involved was apparent and was or should have been observed by him and upon whether passenger was aware that his driver was not paying heed to the situation.

5. SAME—SURVIVAL ACT—BURDEN OF PROOF.

> Administrator, suing under survival act for death of back seat minor passenger resulting from automobile collision at highway intersection, *held*, to have burden of establishing negligence on part of defendants and no contributory negligence on part of deceased and this burden never shifted (3 Comp. Laws 1929, § 14040).

6. SAME—BACK SEAT PASSENGER—STANDARD OF CARE.

> Back seat passenger's duty to warn his driver of dangers seen or which, in the exercise of ordinary care, should be seen does not require passenger to observe all possible danger as the driver must do but merely exacts measure of conduct reasonably to be expected by an ordinarily prudent person so riding.

7. SAME — BACK SEAT PASSENGER — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

> Contributory negligence of a back seat passenger, a minor, in a position to observe approach of defendants' car to intersection where cars collided but who said nothing to his driver *held*, question for jury under evidence presented.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 7, 1937. (Docket No. 52, Calendar No. 39,110.) Decided March 2, 1937. Rehearing denied April 28, 1937.

Case by Charles Fabiano, administrator of the estate of James Fabiano, deceased, against Pauline Carey and Arthur Carey for injuries causing death of decedent, sustained in a collision between automobiles at a highway intersection. Verdict and judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Carl E. Hoffman,* for plaintiff.

*Linsey, Shivel, Phelps & VanderWal* (*Phil R. Johnson,* of counsel), for defendants.

WIEST, J. In an automobile collision at the intersection of highways in the country, the afternoon of an October day, James Fabiano, who was riding in one of the cars, an Auburn eight, received injuries causing his death a few hours later. This suit was brought under the survival act (3 Comp. Laws 1929, § 14040) by the administrator of his estate to recover damages against defendant Pauline Carey, who was driving the other car, a Ford, and was joint owner thereof with Arthur Carey, her son.

The driver of the car in which plaintiff's decedent was riding was traveling west on a gravel highway, having a fine dust over its hard surface, and had open view of defendants' car, approaching the intersection from the south upon another gravel highway, and when he noticed, as he claims, that the car from the south was not going to stop at the intersection, as it should, he applied his brakes while at a speed of 40 or 45 miles per hour, and his car slid along the highway thereafter for a distance of 80 to 100 feet

and, at the time of the collision, was still going at a speed of 30 miles per hour.

Defendant driver claims that before entering the intersection she stopped her car, looked to the east and west and there was no car approaching, and then started to cross and, when just over the center, was struck by the Auburn car.

Each driver had open view of the approach of the other to the intersection.

Defendants had verdict and judgment. Plaintiff moved for a new trial, which was denied, and reviews by appeal, alleging nine principal errors, mainly in refusal of the court to give requested instructions and in the instructions given.

The evidence has been read and also the instructions to the jury and, while many of the requests stated applicable law, we find that the instructions to the jury, except in one particular, amply covered the applicable principles.

Plaintiff's decedent was 19 years of age and, therefore, negligence of his driver, if any, cannot be imputed to him but, it is suggested in the brief of counsel for plaintiff that, if the accident was the result of the concurrent negligence of both drivers, then there could be recovery against either one or both. A sufficient answer to this is that plaintiff's case was planted upon and tried under the claim that decedent's driver was not guilty of any negligence and it is rather late now to make any other claim, after the witnesses and the driver, called to prove the case against defendants, have, so far as plaintiff is concerned, absolved decedent's driver from negligence.

Complaint is made of the following instructions to the jury:

"It appears that James Fabiano, the deceased, was one of the occupants of the Auburn car. I instruct you that it was his duty, independent of the driver, to use reasonable care for his own safety. It appears in this case that the Auburn car in which he was riding was approaching the intersection of another highway; and that the car being driven by the defendant was either in the intersection or approaching the intersection. The question is presented, did the deceased, himself, under the circumstances, exercise that degree of care and caution that an ordinarily prudent person would exercise under like or similar circumstances. Should he have observed the car coming from the south, or in the intersection, and caution the driver of the Auburn car to slow down? Should he have called the attention of the driver of the Auburn car to the approaching car from the south, or to the fact that it was in the intersection? In other words, did he exercise that care and caution for his own safety which the ordinarily prudent person would have exercised under like or similar circumstances to save himself from injury?

"So, you see, that is one of the questions you will have to consider. It is argued that he was riding in the back seat, and that the driver DeRose had full control of the car. Nevertheless, a person riding in the back seat, when danger is imminent, and the driver seems to be oblivious to the danger, would be called upon to say something or do something to stay the conduct of the driver in order to save his own person or property. And, if he fails to do that, why, he would be guilty of contributory negligence; that is, such negligence that has contributed to his own injury of which he complains. And under those circumstances, of course, there can be no recovery. The verdict must be no cause of action if you should so find.

"So, if you should find that the defendant was guilty of negligence under the rules of law as I have given them to you, still, if the deceased himself was guilty of contributory negligence in the manner I have indicated, there could be no recovery, because contributory negligence on the part of a plaintiff always bars a recovery."

This unqualified instruction was erroneous in point of law.

At the time of the collision plaintiff's decedent was riding on the back seat of the Auburn car and was in a position to observe the approach of defendants' car from the south, but whether he did so or not does not appear. He did not say anything. If his driver was guilty of negligence was the deceased negligent? That depends upon whether the danger was apparent and was or should have been observed by him and he was aware that his driver was not paying heed to the situation.

His driver claims that he appreciated the situation and applied the brakes and the condition of the surface of the road rendered the brakes ineffective. Plaintiff, in order to recover, had the burden of establishing negligence on the part of defendants and no contributory negligence on the part of the deceased, *Leary* v. *Fisher,* 248 Mich. 574, and this burden never shifted to the defendant. *Weaver* v. *Motor Transit Management Co.,* 252 Mich. 64.

In *Slee* v. *Neller,* 226 Mich. 151, we said: "While it is the duty of a passenger to warn the driver of a danger which he sees, or, in the exercise of ordinary care, should see," this does not mean that the passenger on the back seat has the duties of a driver and must observe all possible danger. The rule holds the back seat passenger to the measure of conduct

reasonably to be exercised by the ordinarily prudent person so riding.

We think the reasonable rule on this subject well stated in *Weidlich* v. *Railroad Co.*, 93 Conn. 438 (106 Atl. 323), and we again quote therefrom as we did in *June* v. *Railway Co.*, 232 Mich. 449, 457:

"The guest on the rear seat of an automobile owes a very limited degree of care. He is not expected to direct the driver, nor to keep a lookout. Dangers or threatened dangers known to him, he must warn the driver of, and for his failure to do so be chargeable with having proximately contributed to the accident, unless a reasonable person under all the circumstances would not have given the warning."

The instruction would render a back seat passenger guilty of contributory negligence if he failed to observe want of care on the part of the driver. The rule holds the back seat passenger to the measure of conduct reasonably to be exercised by the ordinarily prudent person so riding.

As stated in the *Weidlich Case, supra*:

"If he had been asleep, or reading a book, or engrossed in talk with another than the driver, or in deep thought, he would not have been negligent because of this."

Without knowledge that he was so engrossed or his attention diverted from view and apprehension of possible danger ahead, if the cars continued their course unrestrained, but with testimony disclosing the circumstances attending the collision, while the case is a close one, we cannot say the court should not have left the issue of contributory negligence to the jury. But that question, as we have before stated, should have been submitted to the jury with the exceptions and qualifications to which we have

called attention. Upon this subject see *Fairchild* v. *Railway Co.*, 250 Mich. 252; *Ford* v. *Maney's Estate*, . 251 Mich. 461 (70 A. L. R. 1315).

For the error mentioned, the judgment is reversed, and a new trial granted, with costs to plaintiff.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. Rehearing denied because if granted the result would be the same.

Upon retrial the court should not only state the claims and duties of the parties, but instruct the jury as to the law applicable thereto.

No costs.