GRAHAM *v.* UNITED TRUCKING SERVICE, INC.

1. Automobiles—Guest Passenger—Negligence of Driver.
   Claim that driver of car in which plaintiff was riding as a guest passenger was not keeping a proper outlook and was proceeding without having his car under control when he ran into defendants' parked tractor and trailer *held*, supported by record, although such negligence was not imputable to plaintiff.

References for Points in Headnotes

[1] 5 Am Jur, Automobiles, §§ 259, 494.
[1] Negligence of driver of automobile as imputable to passenger. 90 ALR 630; 123 ALR 1171; 163 ALR 706.
[2–4] 5 Am Jur, Automobiles, § 475.
[2–4] Personal care required of one riding in automobile driven by another as affecting his right to recover against third person. 18 ALR 309; 22 ALR 1294; 41 ALR 767; 47 ALR 293; 63 ALR 1432; 90 ALR 984.
[3] 5 Am Jur, Automobiles, § 483.
[3] Liability of owner or operator of automobile for injury to guest. 20 ALR 1014; 26 ALR 1425; 40 ALR 1338; 47 ALR 327; 51 ALR 581; 61 ALR 1252; 65 ALR 952.
[5, 9, 10] 5 Am Jur, Automobiles, §§ 334, 340.
[5, 9, 10] Parking at improper place as affecting liability for automobile accident. 73 ALR 1074.
[5, 6, 8] 5 Am Jur, Automobiles, § 163; 38 Am Jur, Negligence, § 158 *et seq.*
[6] 38 Am Jur, Negligence, § 63.
[7] 3 Am Jur, Appeal and Error, § 947.
[11, 12] 3 Am Jur, Appeal and Error, §§ 1096, 1097.
[14] 15 Am Jur, Damages, §§ 72, 73, 75, 78, 88 *et seq.*

2. SAME—GUEST PASSENGERS—RIGHT OF CONTROL.

 A guest passenger, as such, is not entitled to exercise any right of control over the automobile or its driver.

3. SAME—GUEST PASSENGERS—INTOXICATING LIQUORS—NEGLIGENCE.

 Evidence failed to show driver of car, in which plaintiff was a guest passenger, was under the influence of alcohol in the evening at the time of the accident, that the driver was incapable of operating the car in a safe and proper manner, that plaintiff was guilty of negligence in riding with him or that there was conduct on his part of such character as should have caused plaintiff to refuse to ride with him, notwithstanding the fact that plaintiff had purchased some of the several glasses of beer which plaintiff and the driver had consumed during the previous afternoon.

4. SAME—GUEST PASSENGER—OBSERVATION OF PARKED TRACTOR AND TRAILER AT NIGHT.

 Whether or not plaintiff, a guest passenger, did observe the duty resting upon him was for jury to determine where driver could observe parked tractor and trailer at night equally as well as plaintiff in the brief interval of time between time it became visible and the impact and it appears the driver did see it and endeavored to avoid it by turning to the left.

5. SAME—BRIDGES—PARKING PROHIBITED.

 Parking a motor vehicle upon a bridge except when necessary to avoid conflict with law or other traffic or in compliance with directions of a police officer or traffic control device being prohibited by statute, it was negligent for operator thereof to park on a bridge when such parking was not within the exception (CL 1948, § 256.327).

6. SAME—CONCURRENT NEGLIGENCE—GUEST PASSENGER'S DRIVER—TRUCKER.

 Recovery may be had against either or both of two persons guilty of concurrent negligence in proximately contributing to injury to plaintiff as there may be two proximate causes of an accident, hence, the fact that driver of car in which plaintiff was a guest passenger was guilty of negligence in failing to keep a proper outlook and to have his car under proper control would not as a matter of law bar recovery against defendants whose tractor and trailer were parked on pavement on a bridge in violation of statute, if evidence shows latter's negligence may have been a contributing factor or a proximate cause (CL 1948, §§ 256.326, 256.327).

7. APPEAL AND ERROR—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

On appeal from denial of defendant's motion for judgment notwithstanding verdict for plaintiff, the evidence must be viewed in the light most favorable to plaintiff.

8. AUTOMOBILES—VIOLATION OF STATUTE—NEGLIGENCE.

One who in the operation of a motor vehicle on a public highway violates a statute of the State is guilty of negligence as a matter of law.

9. SAME—EMERGENCY PARKING ON PAVEMENT ON A BRIDGE—EVIDENCE.

Emergency parking of heavy tractor and trailer on pavement on a bridge at night to ascertain whether or not lights on rear of equipment were operating *held*, not shown by evidence that driver chose such place as a convenience to himself rather than because of necessity and testimony showed there were other places along the road where he might have made his investigation off the pavement entirely, hence, such parking not otherwise coming within an exception of the statute was in violation thereof (CL 1948, §§ 256.326, 256.327).

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REQUEST TO CHARGE—EMERGENCY PARKING—AMBIGUITY.

Whether request to charge that if it was not practicable for defendant trucker to park his equipment at some other point than on a bridge for checking lights or making necessary repairs that defendants would not be guilty of negligence was rendered ambiguous by trial court's addition thereto that such result would follow only in event that jury found trucker was not a proximate cause of the accident, is not considered where there is no evidence that the trucker was confronted by an emergency requiring the parking of the equipment on the pavement on a bridge (CL 1948, §§ 256.326, 256.327).

11. SAME—INSTRUCTIONS CONSIDERED AS A WHOLE.

In considering whether a charge to the jury is erroneous in any respect it must be considered in its entirety and statements therein which might be deemed erroneous, standing alone, will not justify reversal unless prejudicial.

12. AUTOMOBILES—INSTRUCTIONS—REPETITION.

Charge to jury in case arising out of rear-end collision at night, when considered as a whole, *held*, to have presented the issues fully and clearly and was not unnecessarily repetitious because of references to the parking statute (CL 1948, §§ 256.-326, 256.327).

13. APPEAL AND ERROR—VERDICTS—EVIDENCE—CREDIBILITY.

The verdict of the jury should not be set aside where there is substantial evidence to support finding that both plaintiff's driver and defendant trucker were guilty of negligence resulting in rear-end collision while latter's equipment was illegally parked on pavement on a bridge at night, the credibility of witnesses being for the jury (CL 1948, §§ 256.236, 256.237).

14. DAMAGES—EXCESSIVE VERDICT.

Verdict of $20,000 *held,* not excessive in view of all the circumstances, including prevailing economic conditions, where plaintiff was 26 years old, was hospitalized for 3 months, had spent over $1,900 in hospital and medical expenses, right arm was seriously and permanently injured, wrist was stiff, suffered permanent scars on his face, loss of earnings and future handicap for work, pain and suffering and would probably have additional surgery.

Appeal from Saginaw; Bishop (Clifford A.), J., presiding. Submitted April 6, 1950. (Docket No. 22, Calendar No. 44,609.)   Decided May 18, 1950.

Case by William Graham against United Trucking Service, Inc., and Norman J. Torr for personal injuries sustained when automobile in which he was riding ran into defendants' truck.   Verdict and judgment for plaintiff.   Defendants appeal.   Affirmed.

*Lamson, Gilbert & Cole,* for plaintiff.

*Stanton, Montgomery, MacKenzie & Cartwright,* for defendants.

CARR, J.   Plaintiff sustained injuries in a traffic accident and brought suit to recover damages therefor.   Certain facts involved in the controversy are not materially in dispute.   During the evening of March 27, 1946, between 9 and 10 o'clock, equipment used by the defendant United Trucking Service, Inc., in its business was being operated by the other defendant in a southerly direction on US trunk line

10. Said equipment consisted of a tractor and trailer, the latter carrying a load that projected some 4½ feet back of the trailer. It was approximately 34 feet in length, 8 feet wide, and weighed, with the load that was being carried, a total of 31,966 pounds. The load was taken on at the Saginaw terminal of the corporate defendant.

Defendant Torr claimed that he checked the tires and the lights on his tractor and trailer before leaving the terminal, and that there was some discussion at the time as to the possible effect on the lights if the load shifted. The weather at the time was clear and the pavement was dry. Torr testified on the trial that when he was near the fair grounds in Saginaw the equipment swayed in such manner as to suggest that the load may have shifted, causing him to conclude, as he claimed, that he should inspect the lights on the rear of the load to ascertain if they were still functioning. However, he did not stop immediately, but proceeded for a distance of approximately 10 miles to a bridge in the highway across the Cass river. The record discloses that such bridge was about 65 feet in width with a narrow sidewalk on each side. The floor was paved to a total width of 60 feet. To the north and south of the bridge the paved portion of the highway was 40 feet wide, and the bridge was 240 feet in length. Torr stopped his equipment on the right-hand side of the bridge. Whether it was entirely on the west 10 feet was disputed at the trial. He then went to the rear of the load to inspect the lights, finding, as he claimed, that they were functioning properly. Thereupon he started to return to the cab of his tractor.

Plaintiff was riding as a guest passenger in an automobile driven by Floyd Merrow also in a southerly direction on US-10. A highway intersection, referred to in the record as the Frankenmuth junc-

tion, was located somewhat less than one-half mile north of the bridge. From such intersection to the bridge the highway curved to the west. At the time of the accident the bridge was not lighted. The Merrow car ran into the rear of defendants' equipment, and as a result plaintiff sustained serious injuries. The testimony indicates that the right-front end of the automobile struck the left-rear corner of the trailer. Defendants' equipment was standing on the bridge for some 3 or 4 minutes prior to the accident. Following an investigation by a deputy sheriff of the county, Torr was given a traffic ticket for unlawful parking, and Merrow also received a ticket for driving in such manner that his car was not under control. The record indicates that each pleaded guilty and paid court costs.

In his declaration plaintiff alleged that defendant Torr was guilty of negligence in parking his equipment on the bridge in such manner as to endanger others in lawful use of the highway, and that proper warning lights were not displayed at the rear of the trailer and the load thereon. Plaintiff further designated various sections of the motor vehicle law of the State, in force at the time of the accident, which he alleged defendants had failed to observe. Defendants by their answer denied negligence on their part, and asserted further that the sole proximate cause of the accident was the negligence of Merrow in the operation of his car.

At the conclusion of plaintiff's proofs on the trial defendants moved for a directed verdict on the ground that plaintiff had failed to show that defendant Torr was guilty of negligence constituting the proximate cause of the accident, that plaintiff had failed to show his freedom from contributory negligence, and that the negligence of the driver of plaintiff's car should be imputed to plaintiff, barring recovery. The motion was renewed at the conclusion

of the proofs and was taken under advisement under the Empson act (CL 1948, § 691.691 *et seq.* [Stat Ann 1949 Cum Supp § 27.1461 *et seq.*]). The case was then submitted to the jury, which returned a verdict in plaintiff's favor in the sum of $20,000. Motions for judgment notwithstanding the verdict and for a new trial were denied.

It is the claim of the defendants on appeal that the motion for judgment notwithstanding the verdict should have been granted. In support thereof it is insisted that Merrow was guilty of negligence as a matter of law in the operation of his automobile, and that such negligence was imputable to plaintiff. The record supports defendants' claim as to Merrow's negligence in not keeping a proper outlook and also in proceeding without having his car under proper control. The trial court so charged the jury. However, defendants' claim that such negligence was imputable to plaintiff is without merit under the decisions of this Court in *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697), and subsequent cases, including *Mitchell* v. *DeVitt,* 313 Mich 428. The record is clear that plaintiff was merely a guest passenger and as such was not entitled to exercise any right of control over the automobile or its driver.

It is further argued that plaintiff failed to establish that he was himself free from contributory negligence. The record indicates that during the afternoon, and perhaps early evening, prior to the accident plaintiff and Merrow had each drunk several glasses of beer, part of which was purchased by plaintiff. There is, however, no proof that Merrow was under the influence of alcohol at the time of the accident. Under the circumstances it cannot be said, as a matter of law, that plaintiff was guilty of negligence in riding with Merrow. The testimony fails to show that the latter was incapable of operating the vehicle in a safe and proper manner. Moreover,

if such was the case, there was no evidence tending to show conduct on his part of such character as should have caused plaintiff to refuse to ride with him. *Hemington* v. *Hemington,* 221 Mich 206.

It was also claimed by defendants that plaintiff was guilty of negligence as a matter of law in failing to warn Merrow of the danger of running into defendants' equipment. As before noted, plaintiff was merely a guest passenger without the right to exercise control over the vehicle or its driver. At the time he observed the trailer on the bridge it was equally visible to Merrow, and under the circumstances plaintiff was not required, as a matter of law, to assume that Merrow would not see it in time to avoid striking it. The interval of time between plaintiff's observation and the impact was brief. It appears from the testimony that Merrow discovered the trailer before striking it, and attempted to avoid it by turning to the left, but without avail. All that was required of plaintiff was the exercise of ordinary care for his own safety. *Moore* v. *Rety,* 314 Mich 52. Whether he did observe the duty resting on him was a matter for the jury to determine, and the issue was properly submitted by the trial court.

It is further contended on behalf of defendants that the negligence of Merrow was the sole proximate cause of the accident and of plaintiff's injuries. As before stated, the trial judge concluded from the testimony that Merrow was guilty of negligence, and charged the jury accordingly. The evidence in the case disclosed that defendant Torr was guilty of negligence in parking his equipment on the bridge in violation of the statute. CL 1929, § 4719, as amended by PA 1945, No 147 (CL 1948, § 256.327 [Stat Ann 1947 Cum Supp § 9.1587]), in effect at the time of the accident, provided in part:

"Sec. 27. Parking prohibited in specified places.

"(a) No person shall park a vehicle, except when necessary to avoid conflict with law or other traffic or in compliance with the directions of a police officer or traffic control device, in any of the following places:    *    *    *

"13. Upon any bridge or other elevated structure upon a highway or within a highway tunnel."

On the trial plaintiff also relied on an alleged violation of CL 1929, § 4718, as amended by PA 1939, No 318 (CL 1948, § 256.326 [Stat Ann 1947 Cum Supp § 9.1586]), forbidding parking a vehicle, outside the limits of any city or village, upon the paved or main-traveled part of the highway when practicable to park off such part of the highway. It was the claim of the plaintiff in substance that the entire bridge, other than the sidewalks, was within the paved portion of the highway, and in any event that defendants' trailer was standing on the west 10 feet of the bridge in such a position that the rear of the trailer and the load thereon projected into the adjacent traffic lane. Testimony in support of plaintiff's claims was introduced on the trial. Plaintiff and Merrow testified to the absence of lights on the rear of defendants' equipment. The statutory provisions on which plaintiff relied have been in substance reenacted in the Michigan vehicle code of 1949 (PA 1949, No 300). For obvious reasons, however, we are not concerned in the instant case with the requirements of the present law.

In *Gleason* v. *Hanafin,* 308 Mich 31, 37, it was said:

"There may be two contributing causes of an injury. *Welch* v. *Jackson & Battle Creek Traction Co.,* 154 Mich 399. Where injury results from concurrent negligence of 2 or more persons, each proximately contributing to the result, recovery may be had against one or more. *Banzhof* v. *Roche,* 228 Mich 36. It is not essential to recovery that defend-

ants' negligence be the sole cause of plaintiff's injury. *Camp* v. *Wilson,* 258 Mich 38. There may be two proximate causes of an accident. *Fitzcharles* v. *Mayer,* 284 Mich 122 (3 NCCA NS 565); *Bordner* v. *McKernan,* 294 Mich 411; *Wallace* v. *Kramer,* 296 Mich 680."

See, also, *White* v. *Huffmaster,* 321 Mich 225. The fact that Merrow was guilty of negligence did not excuse defendants if their negligence was also a contributing factor or a proximate cause. The issue was properly left to the jury. In determining whether the motion for judgment notwithstanding the verdict should have been granted the evidence must be viewed in the light most favorable to plaintiff. *Wiles* v. *New York Central Railroad Co.,* 311 Mich 540; *Mitchell-Morris & Company, Inc.,* v. *Samaras,* 325 Mich 425. Defendants' claim that they were entitled to a directed verdict is without merit.

Defendants further allege that the charge of the court was erroneous in various respects, and that because of such errors a new trial should be granted. Attention is called to the statement by the trial court that defendant Torr was guilty of negligence in parking on the bridge in violation of the statute. It is not questioned that his equipment was in fact parked on the bridge at the time of the accident. The rule is too firmly established to be open to question that one who in the operation of a motor vehicle on a public highway violates a statute of the State is guilty of negligence as a matter of law.

It is apparently the position of counsel for defendants that under the facts in the instant case defendant Torr was excused from obeying the statute because of an emergency. The facts in the case do not support the claim. Defendants' equipment did not break down on the highway. The driver wished to ascertain whether the lights on the rear of his equipment were functioning properly, and his tes-

timony discloses that he proceeded for several miles with the intention of stopping on the bridge. Apparently he did not consider bringing his vehicle to a stop on the pavement, other than on the bridge, as he might have done by observing proper precautions, if it was, in fact, impracticable to park off the pavement. It further appears from his testimony that he made no attempt to ascertain whether there were places along the road where he might have left the pavement entirely for the purpose of making his investigation. Other testimony in the case indicates conclusively that there were such places. Apparently defendant Torr elected to stop on the bridge as a matter of convenience to himself rather than because of any compelling necessity. The claim that an emergency existed, of such nature as to excuse a violation of the statute, is not well founded. *Paton* v. *Stealy,* 272 Mich 57, 63; *Van den Heuval* v. *Plews,* 291 Mich 670. None of the exceptions specified in the statutory provision forbidding parking a vehicle on a bridge, above quoted, was applicable. The conclusion cannot be avoided that defendant Torr was guilty of a violation of the statute.

At the request of defendants, the trial judge gave to the jury an instruction on the so-called emergency rule, stating in substance that if it was not practicable to park the truck at some other point for the purpose of checking the lights or making necessary repairs the defendants would not be guilty of negligence and plaintiff could not recover. The trial court added to the request a statement, evidently intended to modify the instruction that under such circumstances the plaintiff could not recover, to the effect that such result would follow only in the event that the jury found that the act of defendant Torr was not a proximate cause of the accident. In view of the conclusion above reached that there was no evidence in the case justifying a finding that defend-

ant Torr was confronted by an emergency requiring the parking of the tractor and trailer on the bridge, it is unnecessary to consider whether the charge was rendered ambiguous by the added sentence.

In considering whether a charge to the jury is erroneous in any respect it must be considered in its entirety. Statements therein which might be deemed erroneous, standing alone, will not justify reversal unless prejudicial. *Samuelson* v. *Olson Transportation Company,* 324 Mich 278. In the instant case it is apparent that the trial judge undertook to present to the jury fully and clearly the matters at issue, and we think that he did so. The claim that the charge was unnecessarily repetitious because of references to the parking statute is without merit.

The further claim is made that the verdict of the jury was against the great weight of the evidence. The facts fully justified the conclusion that both drivers were guilty of negligence, and that the negligence of each contributed to the accident and the injuries which plaintiff sustained. The credibility of the witnesses was a matter for the jury. There being substantial evidence to support the verdict it should not be set aside. *Alley* v. *Klotz,* 320 Mich 521; *Kurta* v. *Probelske,* 324 Mich 179.

As before noted, the verdict of the jury was in the sum of $20,000. Defendants claim such amount was excessive, and that a new trial should be granted for that reason. At the time of the accident plaintiff was a young man 26 years of age. He had served 3½ years in the United States marine corps, and prior to entering the service he had worked as operator of an electric crane. Following the accident he was in the hospital from the 27th of March, 1946, until July 3d following, with the exception of 2 or 3 weeks when he was allowed to go home. He was employed in September, 1946, as a "plant protection

man." His right arm was seriously and permanently injured, the wrist being stiff and plaintiff being limited in the movements of the arm itself. Prior to the trial he had had 4 or 5 operations in the attempt to improve the condition.

Plaintiff also has scars on his face, near the right eye and across the chin, permanent in character. Hospital and medical expenses prior to the trial, which was held in February, 1949, were in excess of $1,900. In addition thereto plaintiff sustained loss of earnings, with the prospect that he would be handicapped in his work for the balance of his life. He endured pain and suffering, and at the time of the trial was faced with the probability of further surgical operations. While the verdict was substantial in amount, we are not prepared to say, in view of all the circumstances of the case, including prevailing economic conditions, that it was excessive.

Other matters referred to by counsel in their briefs have been considered but do not require specific discussion. We find no error prejudicial to the defendants, and the judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.