## JONES v. DANIELS.

1. AUTOMOBILES — REAR-SEAT PASSENGERS — CONTRIBUTORY NEGLIGENCE.

A guest passenger in the rear seat of an automobile owes a very limited degree of care as he is not expected to direct the driver, nor to keep a lookout, and while he must warn the driver of dangers known or threatened if the guest has reason to believe the driver is unaware of such danger or be chargeable with having proximately contributed to an accident unless a reasonable person under all the circumstances would not have given the warning, he would not be guilty of negligence in sleeping, reading a book or being in deep

REFERENCES FOR POINTS IN HEADNOTES

[1–7] 5 Am Jur, Automobiles, §§ 475 et seq., 712.
[1–7] Personal care required of one riding in automobile driven by another as affecting his right to recover against third person. 18 ALR 309; 22 ALR 1294; 41 ALR 767; 47 ALR 293; 63 ALR 1432; 90 ALR 984.

thought, such being the frequent conduct of an ordinarily prudent person so situated.

2. SAME—HEAD-ON COLLISION—REAR-SEAT PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Passenger in an automobile involved in head-on collision who was in the rear seat relaxing but awake, who did not see oncoming traffic nor know what happened was, as a matter of law, not guilty of contributory negligence.

3. SAME—HEAD-ON COLLISION—FRONT-SEAT PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Passenger in front seat of automobile involved in head-on collision who was unaware of danger from oncoming vehicles, and who had duty of warning driver of dangers known to her and apparently unknown to driver was without contributory negligence as a matter for jury's determination.

4. SAME—PASSENGER'S DUTY TO WARN DRIVER.

Instruction that guest passenger's duty extended to keep a lookout or be on constant vigilance against possible dangers was reversible error, the duty of a guest being only to warn the driver of visible or ascertainable imminent dangers of which the guest is aware and of which the driver is not aware or which the guest has reason to believe the driver is not aware.

5. SAME—GUEST PASSENGER'S DUTY TO OBSERVE.

A guest passenger in an automobile is under no duty to be on the lookout nor to anticipate possible dangers, if the driver is driving in a manner which would not cause a reasonably prudent guest passenger alarm and such passenger has no previous notice that the driver is inattentive or careless.

6. SAME—GUEST PASSENGERS—DUTY TO WARN DRIVER OF DANGER.

A guest passenger in an automobile who is aware of visible and imminent danger need not warn the driver thereof if he has reason to believe that the driver is also aware of that danger or that it would be more hazardous to give the driver sudden warning than not to do so.

7. SAME—GUEST PASSENGERS—WARNING DRIVER OF DANGER.

If the guest passenger has no *actual* notice of a danger, and is under no duty to anticipate a danger because of previous notice of the driver's habits, speed, or other conditions, then the guest passenger is under no duty to warn the driver of a visible and ascertainable danger which the passenger could have seen if he had been on the lookout.

8. HIGHWAYS AND STREETS—YELLOW LINE ON PAVEMENT—STATUTES.
     Yellow line on 3-lane pavement restricting passage of cars to
     right-hand lane is a warning within statute imposing a penalty
     for failure to observe "traffic signs, signals or devices" (CL
     1948, § 750.498).

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 7, 1950. (Docket No. 29, Calendar
No. 44,547.) Decided September 11, 1950.

Separate actions of case by Kitty Warren Jones
and Louis T. Jones against Gaines Daniels, Sr., and
another for injuries sustained in automobile acci-
dent. Cases consolidated. Verdicts and judgments
for defendants. Plaintiffs appeal. Reversed and
new trial granted.

*William P. Cooney, Jr.*, for plaintiffs.

NORTH, J. These are 2 accident cases, consolidated
in the circuit court, involving 2 automobiles. The
accident occurred on March 17, 1946, at about 7:30
in the evening, on US–24, south of Monroe, Michigan.
At the point of the accident US–24 is a 3-lane paved
highway 30 feet wide, with shoulders 10 feet wide.
The highway runs north and south. The division
between each of the 3 lanes is marked. At the time
of the collision the evening "was dusky dark, just
dark," and the pavement was wet. Both cars had
their headlights on. Somewhat north of the point of
collision the highway curves to the west. The curve
and the approach thereto are marked with a yellow
line to indicate that northbound cars should not
pass.

Plaintiffs were riding in a 1940 Ford, owned and
operated by David Jones. Kitty Warren, the
driver's fiancee (now Mrs. David Jones), was riding
beside the driver in the front seat, and Louis T.
Jones, the driver's father, was riding in the back

seat.   They were travelling in a northerly direction at a speed of between 40 and 50 miles per hour.

Defendants' car, a 1939 Chevrolet, was travelling in a southerly direction at a speed of between 35 and 40 miles per hour.   The driver, Gaines Daniels, Jr., (who had borrowed his father's car for the afternoon) and his wife, Anna Muriel Daniels, were sitting in the front seat.   James D. Glaspie and Mildred McGee, friends of the Daniels, were sitting in the back seat.

The collision between the 2 cars occurred somewhat south of the curve, on the straight part of the highway.   According to witnesses for plaintiffs, their car had just passed another vehicle and was starting to pull in to the right again when the accident happened.   Officers, who examined the scene of the accident shortly thereafter and before any of the cars had been moved, testified that there was a yellow no-passing line on the highway extending 310 feet to the south and 190 feet to the north of where the cars came to rest.   This yellow line was on the east side of the regular white line marking the easterly lane, and warned that northbound cars should not pass other vehicles at that point.   Another witness who was on the scene shortly after the collision testified that, "The yellow line started approximately right where the accident happened." The testimony as to the distance from the point of collision to the start of the curve was also in conflict. David Jones estimated it to be 200 yards, which was in part corroborated by other witnesses.   Gaines Daniels, Jr., testified it was 50 feet.   The fact that the collision took place on the straight part of the highway in the middle lane or partially in the westerly lane is undisputed.   According to plaintiffs' witnesses, David Jones, plaintiffs' driver, was travelling at 40 to 50 miles per hour and had just passed or was passing a slower moving vehicle.   There was

traffic coming from the north, about 6 or 8 cars. David Jones testified that the nearest approaching car was about 400 yards to the north when he started to pass the other vehicle, and that 2 to 4 cars passed him on his left going in the opposite direction as he was passing this vehicle. His version is that as he was about to pull over to the right after passing there "was just a flash of lights in front of me and the impact."

The testimony for the defendants is that Gaines Daniels, Jr., was in the right-hand or westerly lane at all times; that his car was never in the center lane of traffic at all, and that he did not see the Jones car at any time.

Plaintiffs herein were the guest passengers in the car operated by David Jones. The trial resulted in a jury's verdict of no cause for action. Plaintiffs have appealed, claiming errors as hereinafter noted.

The first of the claimed errors is that the trial judge was in error in submitting to the jury the question of contributory negligence on the part of the plaintiffs. The testimony of Louis T. Jones is that he was in the back seat relaxing, was awake, but does not recall whether his eyes were open or closed; that he at no time saw the other car, nor does he know what happened. This testimony was uncontroverted. Kitty Warren Jones, who was in the front seat beside the driver, testified that she did not know they were approaching a curve, did not see the yellow line on the pavement, and that she was not looking ahead just before the impact but instead was looking at the vehicle they were passing. She testified that she had just looked up, and then an instant later came the impact. Her testimony was also uncontroverted. In one of plaintiffs' requests to charge the following was contained: "I charge you that the plaintiffs have affirmatively shown that they were

guilty of no negligence." This requested charge was not given.

There is a distinction between the duty of a guest passenger riding in the front seat of an automobile and that of one riding in the back seat. *White* v. *Huffmaster,* 326 Mich 108, follows the rule laid down in *June* v. *Grand Trunk Western Railway Co.,* 232 Mich 449, which, quoting from *Weidlich* v. *Railroad Co.,* 93 Conn 438 (106 A 323), states:

"The intestate must have exercised due care, but this is the care that may be reasonably inferred from the circumstances. The guest on the rear seat of an automobile owes a very limited degree of care. He is not expected to direct the driver, nor to keep a lookout. Dangers or threatened dangers known to him, he must warn the driver of, and for his failure to do so be chargeable with having proximately contributed to the accident, unless a reasonable person under all the circumstances would not have given the warning. * * * If he had been asleep, or reading a book, * * * or in deep thought, he would not have been negligent because of this. Ordinary experience instances this as not infrequently the conduct of the ordinarily prudent person when riding as a guest on the rear seat of an automobile."

We note that to the phrase in the above quotation: "Dangers or threatened dangers known to him, he must warn the driver of," there should be added the following—if the guest has reason to believe the driver is unaware of such danger. In the *June Case, supra,* it is further noted that the same degree of care is not expected or required of one in the rear seat as of one "in the front seat with like opportunity to observe as, and in close communication with, the driver." See, also, *Moore* v. *Rety,* 314 Mich 52.

As to Louis T. Jones, it seems clear, therefore, that as a matter of law he was not guilty of contributory negligence under the uncontradicted testimony

and Michigan decisions. The trial court erred in submitting that question for the jury's consideration.

The uncontroverted testimony of Kitty Warren Jones shows that she was unaware of the danger. Since the duty of a guest passenger even in the front seat does not extend beyond warning the driver of dangers known to the guest, and apparently unknown to the driver, there was no negligence on her part; and the trial judge should not have submitted contributory negligence on her part as an issue for the jury's determination.

Plaintiff also asserts certain other errors on the part of the trial judge in his charge to the jury. To clarify the duty of a guest passenger to the driver we feel constrained to further consider the charge. In part the trial judge charged the jury as follows:

"I charge you that if you find that either of the plaintiffs, Kitty Warren Jones or Louis T. Jones, had notice of some imminent danger and failed to warn their driver, then that plaintiff is guilty of contributory negligence, although not driving the car, and cannot recover against the defendants here.

"I further charge you that in relation to the claim of Kitty Warren Jones, that irrespective of the relation existing between her and the driver, she had a duty to exercise reasonable care under the circumstances, and if she fails to warn the driver of visible or ascertainable imminent danger, she is guilty of contributory negligence because of her own neglect and cannot recover; that this is so whether you find Gaines Daniels negligent or not.

"I further charge you that if you find either of the plaintiffs guilty of contributory negligence in any manner whatsoever, that said plaintiff cannot recover in his or her action here and that your verdict should be one of no cause of action for said plaintiff."

This portion of the charge clearly is not in conformity with the law of this State. A guest passenger, it is true, has a duty towards the driver of the car in which he is riding. But that duty does not extend as far as the trial judge instructed the jury. As was stated in the *June Case, supra,* the guest passenger is not required to keep a lookout nor be on constant vigilance against *possible* dangers. His only duty is to warn the driver of visible or ascertainable imminent dangers *of which the guest is aware,* and this is further qualified by the condition that it is a danger of which the driver is *not* aware, or which the guest has reason to believe the driver is not aware. If the driver is driving in a manner which would not cause a reasonably prudent guest passenger alarm, and such passenger has no previous notice that the driver is inattentive or careless, the passenger is under no duty to be on the lookout nor to anticipate possible dangers. And, even though the guest is aware of visible and imminent danger, if he has reason to believe that the driver is also aware of that danger or the guest has good reason to believe that it would be more hazardous to suddenly warn the driver than not to do so, then the guest is under no duty to warn the driver of the danger. Often a sudden warning, which might cause the driver to take his eyes off the road for an instant or distract his attention from attendant driving conditions, is a greater danger in itself than silence. When averting an accident hinges on a quick decision by a driver, silence may be and sometimes is the safest course.

If the guest passenger has no *actual* notice of a danger, and is under no duty to anticipate a danger because of previous notice of the driver's habits, speed, or other conditions, then the guest passenger is under no duty to warn the driver of a visible and ascertainable danger which the passenger could

have seen if he had been on the lookout. As relevant to the phase of the law just above considered see *Fabiano* v. *Carey*, 279 Mich 269, and *Moore* v. *Rety, supra.*

Plaintiffs also stress the claim that "the entire charge was argumentative and entirely one-sided, as the claims and theories of the defendant are given in detail and with emphasis, and the claims and theories of the plaintiff entirely disregarded." We need not herein discuss whatever justification, if any, there may be for the foregoing claim, since on retrial plaintiffs' rights in these respects can be fully protected by submitting proper requests to charge.

We are not in accord with plaintiffs' contention that the trial court erred in refusing their request to charge that the driver of defendants' car was guilty of negligence as a matter of law. Plaintiffs' basis for such a charge was that the driver of defendants' car testified: "I didn't see the Jones car at all before the actual collision." But there is conflicting testimony as to whether the collision was not caused by plaintiffs' car having crossed the yellow line to its left and having swung over into the third or defendants' right-hand lane of traffic, in which defendants' car was lawfully proceeding. An issue of fact was thus presented.

We also note that incident to asserting error in a portion of the court's charge as to plaintiffs' driver being negligent in crossing the yellow line under the circumstances of this case, plaintiffs state in their brief: "The statute makes no mention of a yellow line, what it means, or how one is to act in the light of it." We are not in accord with this contention. Instead we consider that the warning afforded by such yellow line brings it within "traffic signs, signals or devices," as provided in CL 1948, § 750.498 (Stat Ann 1949 Cum Supp § 28.766).

Other contentions in plaintiffs' brief need not be reviewed, since they are not apt to arise on the retrial of this case. On the record now before us it seems clear that in determining plaintiffs' right to recover for any proven damage, the controlling issue for the jury's consideration and determination was whether plaintiffs had proven by a preponderance of the testimony that a proximate cause of this automobile collision was negligence of the driver of defendants' car. Obviously in that connection consideration would also necessarily be given to the question of whether the sole proximate cause of the collision was the negligence of the driver of plaintiffs' car, in which event plaintiffs could not recover.

Judgment is reversed and a new trial ordered, with costs of this Court to appellants.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.