SHEFFER v. FLEISCHER.

1. TRIAL—DIRECTING VERDICT—EVIDENCE.
   A motion to direct a verdict in favor of the plaintiff must be
   determined on the basis of the testimony most favorable to
   the defendant.

2. BILLS AND NOTES—EXECUTION—DELIVERY.
   Notes signed and left where the payee might take them, are not
   valid in the hands of a holder in due course unless there was
   a delivery. *Burson* v. *Huntington*, 21 Mich. 415 (4 Am. Rep.
   497).[1]

Error to Charlevoix; Mayne, J. Submitted June 23,
1909. (Docket No. 99.) Decided September 21, 1909.

Assumpsit by Allen Roswell Sheffer against A. B.
Fleischer upon certain promissory notes. A judgment
for defendant is reviewed by plaintiff on writ of error.
Affirmed.

*J. M. Harris,* for appellant.

*Lisle Shanahan (Halstead & Halstead,* of counsel),
for appellee.

HOOKER, J. The undisputed evidence shows that six
notes, bearing the genuine signatures of the defendant as
maker, in suit in this case, came to the hands of the plain-
tiff as a bona fide purchaser, for value. The defense
made is that the notes made were not delivered to
the payee or any other person. The jury found a verdict
for the defendant, and the plaintiff has appealed.

The transaction is in dispute, and, as plaintiff has ap-
pealed upon the ground that the circuit judge should
have directed a verdict in his favor, we must dispose of

[1] The notes in question were dated November 4, 1901, and there-
fore are not governed by the Negotiable Instruments Law (Act No.
265, Pub. Acts 1905).—REPORTER.

the question upon that version of the testimony most favorable to the defendant. It is, in substance, that one Hirschberg came into his store and attempted to sell him some optical goods, representing the LeMaire Optical Company, of which he testified that he was treasurer and authorized to negotiate and indorse promissory notes owned by it. They practically agreed orally upon an arrangement, which Hirschberg had or was to put in the form of a contract, but which was not signed by defendant. The defendant was to order certain goods; but defendant says that he had not signed the order. He had signed the notes, however, and they lay on the showcase or counter, and Hirschberg was to make a copy of the order for the defendant. The defendant was called away to wait on a customer, whereupon, in his absence, Hirschberg took possession of all of the papers and left the store. Thereupon defendant immediately wrote the payee repudiating the transaction, and later refused to receive the goods.

The only question in the case is whether a verdict should have been directed for the plaintiff. The learned circuit judge left but one question to the jury, viz., whether there had been a delivery of the notes, and obviously the jurors found that there was not. Plaintiff's contention here is that, by leaving his signed notes on the counter, he placed it in the power of Hirschberg to purloin and negotiate them. We think the case within the rule laid down in *Burson* v. *Huntington*, 21 Mich. 415 (4 Am. Rep. 497); *Cressinger* v. *Dessenburg*, 42 Mich. 583 (4 N. W. 269); *Laprad* v. *Sherwood*, 79 Mich. 525 (44 N. W. 943); *Portsmouth Sav. Bank* v. *Village of Ashley*, 91 Mich. 681 (52 N. W. 74, 30 Am. St. Rep. 511).

The judgment is affirmed.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.