In action against defendant motorist by plaintiff, a passenger
    in another car, the negligence of driver of car in which she
    was riding will not be imputed to her.

2. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE OF PASSENGER—
    QUESTION FOR TRIER OF FACTS.

    Question as to whether or not plaintiff, passenger in southbound
    car that had stopped and was turning into driveway in a
    southeasterly direction across the highway when struck by
    defendant's car, was guilty of contributory negligence in fail-
    ing to warn her driver of the impending danger after having
    observed defendant's rapidly-approaching car was a question
    of fact for determination by the trial judge sitting without a
    jury.

3. SAME—QUESTION FOR TRIER OF FACTS—EVIDENCE.

    The Supreme Court does not reverse the determination of the
    trier of the facts unless the testimony clearly preponderates
    in the opposite direction.

4. AUTOMOBILES—PASSENGER'S DUTY TO WARN DRIVER OF DANGER.

    A voluntary, gratuitous passenger has a duty to warn driver
    of car in which he is riding of a danger of which he knows
    and has every reason to believe the driver is unaware. ·

5. APPEAL    AND    ERROR—WITNESSES—CROSS-EXAMINATION—NEGLI-
    GENCE.

    Refusal of trial judge to permit defendant's counsel to cross-
    examine plaintiff's witness as to claimed prior inconsistent
    statements which had been reduced to writing and which the
    witness had had an opportunity to examine was error but not
    reversible where defendant's negligence was conclusively estab-
    lished by the testimony and the physical facts.

6. AUTOMOBILES—PASSENGERS—CONTRIBUTORY NEGLIGENCE.

    Plaintiff, passenger in southbound car about to turn into drive-
    way on east side of highway when struck by defendant's north-

Negligence of driver of plaintiff's car is not imputed to pas-
senger, see 2 Restatement, Torts, p. 1266 et seq., topic 4, § 490;
standard of care required of plaintiff, §§ 463, 475; contributory
negligence a question of fact for jury, § 434, comment c; function
of jury and causal relation between negligence and harm, §§ 465,
475, 476.

MITCHELL v. DEVITT. 429

bound speeding car was free from contributory negligence and her driver's negligence, if any, was not imputable to her in action for personal injuries.

7. COSTS—BRIEF.

No costs are allowed upon affirmance of judgment where appellee did not file a brief.

Appeal from Clare; Hart (Ray), J. Submitted October 4, 1945. (Docket No. 33, Calendar No. 42,805.) Decided January 7, 1946.

Case by Catherine M. Mitchell against J. B. De-Vitt for personal injuries sustained when automobile in which she was riding was struck by defendant's automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*Clifford A. Mitts, Jr.,* for defendant.

BUSHNELL, J. In this negligence action, defendant James B. DeVitt was granted leave to appeal from a $500 judgment. DeVitt, who lives in Bucyrus, Ohio, was on his way to a fishing camp near Cadillac, Michigan, on July 27, 1941. While traveling north on US-27, about 2 miles south of Clare, Michigan, his car collided with one driven by Earl Thomas, which was turning into a driveway on the east side of the road. Plaintiff Catherine M. Mitchell, employed by Thomas, was riding with Thomas and his wife in the front seat of his car. On the Sunday afternoon in question, after completing her work at about 5 p.m., Mr. and Mrs. Thomas offered to take Mrs. Mitchell home. When they arrived opposite the Mitchell house, Thomas brought his car to a complete stop partly off the west side of the highway opposite the Mitchell drive. He waited long enough to permit two cars to pass, which were following him, and, although he noticed two other cars coming towards him from the south over the

crest of a hill about a thousand feet away, he shifted gears and started across in a slanting southeasterly direction. The DeVitt car passed the car preceding it at a high rate of speed, determined by the trial judge to be about 80 miles an hour, and its front struck the rear of the Thomas car, hurling it from 30 to 50 feet, throwing all three occupants from the car, and severely injuring them. A spare tire inside the Thomas car was thrown about 100 feet on the west side of the highway.

During the cross-examination of George M. Finch, a witness produced by plaintiff, he was questioned regarding a statement he made on December 16, 1941. This statement was taken at his home in Saginaw by one Robert C. Schirmer, who had a stenographer present. Defendant's attorney in his cross-examination of Finch was using the transcript of this statement at the trial on May 19, 1943, when the court said:

"I am inclined to think he has a right to read over these questions and answers before he is examined."

Defendant's counsel informed the court that Finch had already seen the papers. Plaintiff then objected to "this method of cross-examination," which objection was sustained. When defendant's counsel renewed his examination and another objection was sustained, he then insisted upon amplification of the objection and, upon the court's adverse ruling, refrained from pursuing the matter further.

On appeal, defendant takes the position that Mrs. Mitchell was guilty of contributory negligence herself in failing to warn Thomas of the approaching danger after having observed the DeVitt car. He also urges that Thomas was guilty of negligence because he turned into a private driveway from the

west side without making a further observation before crossing the center line of the highway and coming into the path of defendant's car, and that his negligence is imputed to plaintiff Mitchell. It is also claimed that the court erred in refusing defendant the right to cross-examine Finch as to previous inconsistent statements and in refusing to permit the stenographer to use her transcript for the purpose of testifying to such claimed inconsistent statements.

The question of whether the negligence of Thomas is imputed to plaintiff Mitchell has been settled adversely to defendant's contention in *Bricker* v. *Green, ante,* 218 (163 A. L. R. 697).

Under the circumstances of the case the question of whether Mrs. Mitchell was guilty of contributory negligence herself was one of fact, determined adversely to appellant by the trial judge who heard the case without the aid of a jury. It repeatedly has been said that we do not reverse in such instances, unless the testimony clearly preponderates in the opposite direction. Notwithstanding our observation in *Bricker* v. *Green, supra,* 236, as to the duty of a voluntary, gratuitous passenger to warn the driver of the car in which he or she might be riding "of a danger which he knows and of which he has every reason to believe that the driver is unaware," it cannot be said in this instance that Mrs. Mitchell was guilty of negligence as a matter of law.

The trial judge, however, was in error in preventing defendant's counsel from cross-examining plaintiff's witness as to claimed prior inconsistent statements which had been reduced to writing and which the witness had an opportunity to examine. See *Zibbell* v. *City of Grand Rapids,* 129 Mich. 659; *People* v. *Nemeth,* 258 Mich. 682, and *People* v. *De-Beaulieu,* 308 Mich. 173, and the various authorities

therein cited and quoted. Such error, however, in the instant case is not reversible because defendant's negligence is so conclusively established by the testimony and the physical facts.

Plaintiff was free from contributory negligence and the negligence of her driver, if any, is not imputable to her.

The judgment is affirmed, but without costs, no brief having been filed by appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.