WHITE *v.* HUFFMASTER.

1. WITNESSES—CREDIBILITY—EVIDENCE.

In action arising out of collision between automobile driven by defendant and motorcycle on which minor plaintiff was a tandem passenger it was permissible to allow defendant to testify he had been in the military service for 39 months in order to disclose his character or personality.

2. TRIAL—ARGUMENT TO JURY—MOTORCYCLES.

Where there was testimony that eastbound motorcycle on which minor plaintiff was a tandem passenger had turned left in front of defendant's westbound car as it was about halfway across intersection and that motorcyclist had made quite a sharp turn, defendants' attorney did not make a remark constituting reversible error in making argumentative statement to jury that "a motorcycle is dodging here and there just like a rabbit," especially where remonstrating attorney for plaintiff did not move to strike or request the court to caution the jury but merely interposed the remark that "there is no testimony before this court of any dodging by this motorcycle."

3. AUTOMOBILES—PROXIMATE CAUSE—INSTRUCTIONS.

Charge to jury in action arising out of collision between defendant's automobile and motorcycle on which minor plaintiff was a tandem passenger, which clearly pointed out that there might be more than one proximate cause in an accident *held*, not erroneous on the subject of proximate cause because of alleged stressing by court that jury must find defendant was the "first or original" proximate cause.

4. SAME—MOTORCYCLES—LEFT TURN—CONTRIBUTORY NEGLIGENCE —FAILURE TO WARN.

In action by tandem passenger on eastbound motorcycle against

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 53 Am Jur, Trial, §§ 480, 484, 505.
[3] 38 Am Jur, Negligence, § 63.
[4] 5 Am Jur, Automobiles, § 478.
[5] 5 Am Jur, Automobiles, § 712.
[6] 38 Am Jur, Negligence, §§ 348, 351.

westbound motorist for injuries sustained as motorcycle was making left turn at an intersection, evidence did not sustain plaintiff's contention that she was free from contributory negligence as a matter of law, where it appears she had seen defendant approaching the intersection about 200 feet to the east thereof at a speed of about 35 miles per hour and knew that motorcyclist was to make a left turn and failed to warn him, as such a passenger is chargeable with knowledge of the hazard of so riding on a paved highway used by automobiles.

5. SAME—MOTORCYCLES—PASSENGERS — CARE REQUIRED — QUESTION FOR JURY.

A motorcycle passenger is bound to exercise as great a degree of care as a passenger in an automobile and is required to allege and prove freedom from contributory negligence and whether such a passenger has made such proof usually presents a question of fact for the jury.

6. SAME—DIRECTED VERDICT—MOTORCYCLIST'S TANDEM PASSENGER—PROXIMATE CAUSE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Motion for directed verdict for plaintiff tandem passenger on motorcycle was properly denied where evidence was such that jury might have found that sole proximate cause of the accident was the negligence of the motorcyclist or that plaintiff had failed to prove her freedom from contributory negligence.

Appeal from Wayne; Fitzgerald (Frank), J. Submitted October 4, 1949. (Docket No. 7, Calendar No. 44,458.) Decided December 7, 1949.

Case by Lorraine A. White, by her next friend Ann M. White, against Ernest E. Huffmaster and another for injuries sustained when motorcycle on which she was riding was struck by defendants' automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Stanley S. Krause,* for plaintiff.

*Davidson & Kaess* (*Richard K. Amerson,* of counsel), for defendants.

North, J. Our decision on a former appeal in this case is reported in 321 Mich 225. With the exception of some inconsequential matters, the material facts detailed in our former opinion are the same as now before us, and need not be herein repeated except where particularly pertinent to the questions presented on the present appeal. As on the first trial, so on the second trial by jury the verdict was in favor of defendants. Plaintiff has appealed, and asserts there was prejudicial error in the following particulars:

(1) Ernest E. Huffmaster, the defendant who was driving the automobile involved in the accident herein, was permitted over objection to testify that he was in the military service 39 months. It is common and permissible practice in disclosing the character or personality of a witness to inquire on direct examination his business or profession, such as merchant, manufacturer, physician or clergyman; and on the other hand by cross-examination the ill repute of a witness may be shown. This claim of prejudicial error is without merit.

(2) In his argument before the jury defendants' counsel said: "You know a motorcycle is dodging here and dodging there just like a rabbit." Plaintiff was riding as a passenger on the rear of a motorcycle and defendants' main contention was that in making a turn to the north the driver of the eastbound motorcycle suddenly and negligently drove in front of defendants' westbound auto, and thereby caused the accident. Witnesses testified that the driver of the motorcycle "turned in front of us, (when) we (occupants of automobile) were about half way across the intersection," and "he made a quite sharp turn." Plaintiff's attorney did not move to strike or request the court to caution the jury. He merely interposed the remark: "There is no testimony before this court of any dodging by this motorcycle."

Under the circumstances the argumentative statement of defendants' attorney did not constitute reversible error.

(3) Plaintiff asserts error in the following portion of the charge to the jury:

"In discussing proximate cause, I want to state that it has been repeatedly recognized that there may be more than one proximate cause in an accident of this character, and in considering proximate cause, I wish to say that there must be a causal connection between the negligent act of the party to be charged with the injury and it is sufficient if the negligence of the party to be charged with the injury was the original moving cause which set in motion the chain of circumstances leading up to the injury and which is (in) natural continuous sequence, unbroken by any new independent or intervening cause, produced the injury. So in considering whether or not, any one of the parties is guilty of negligence, and whether or not the negligence of any of the parties is the proximate cause of the injury, that will be your yardstick. That will apply to the defendant, Ernest Huffmaster, the driver of the motorcycle, Bryant, and the plaintiff herself, Loraine White. In considering proximate cause during your deliberations, you may consider the defendant's claim and that is that the driver of the motorcycle was negligent, and his negligence was the sole, as distinguished from a proximate cause of the injury, and therefore the defendant is not liable, and you should return a verdict in his favor of no cause of action."

Appellant's complaint of this portion of the charge is as follows:

"Under such an instruction if the jury should find that the negligence of defendant driver was not the original or first cause they could decide against the plaintiff. This is decidedly not the law."

We think counsel seeks to place a strained construction on this section of the charge by stressing the words "first or original" and disregarding the full context of the charge. By his charge the trial court did not limit the meaning of *a* proximate cause "to the first or original moving cause." Instead he plainly told the jury "there may be more than one proximate cause in an accident of this character." By the words of which plaintiff complains, the trial court merely advised the jury that insofar as the requisite causal connection was concerned, if it had been proven, it was sufficient notwithstanding there might have been a subsequent intervening proximate cause. The charge was applicable to the case and was not prejudicially erroneous.

(4) Another issue presented is appellant's contention that the trial court committed error in submitting to the jury as an issue of fact whether plaintiff was guilty of contributory negligence. It is appellant's contention that the trial court should have held as a matter of law and instructed the jury that plaintiff was free from contributory negligence. In considering this phase of the appeal it must be borne in mind that plaintiff was required to allege and prove freedom from contributory negligence. This allegation in plaintiff's declaration was denied by defendants. So the issue is this: Was the testimony given at the trial such that one or more of the jurors might have found that plaintiff failed to prove her freedom from contributory negligence? Plaintiff's counsel points out that she, as a passenger on the rear of the motorcycle, had no physical control of the machine. But that alone would not eliminate the issue of contributory negligence if it were disclosed that there was some other thing which plaintiff could and should have done in an effort to avoid the accident. Certainly plaintiff is chargeable with knowledge of the hazard of riding as a passen-

ger on the rear of a motorcycle on a paved highway used by automobiles. When approximately 200 feet west of the intersection the operator of the motor-cycle by motioning with his left hand indicated his intention to make a left-hand turn. This must have been obvious to plaintiff who was sitting immediately to the rear of the operator. As the motorcycle approached the intersection plaintiff saw defendants' automobile coming from the opposite direction about 200 feet east of the easterly curb line of the inter-secting street and at a rate of about 35 miles per hour. Hence the auto would be in the intersection in a matter of 4 or 5 seconds. Plaintiff testified that when she again saw defendants' automobile it was "just about on top of us, about 30 feet or 35." She also testified that in her opinion defendant driver had increased speed since she first observed his automobile and she then "tried to scream but I couldn't." We do not overlook plaintiff's testimony that as the motorcycle reached the intersection she believed the left-hand turn could be safely made. Notwithstanding plaintiff so testified since she obviously had rather timely forewarning of the intention of the motorcycle driver to make a left-hand turn directly in front of a rapidly approaching automobile, but she did nothing towards warning such driver of the obviously impending danger, it cannot be said as a matter of law that plaintiff was free from contributory negligence. Certainly a motorcycle passenger is bound to exercise as great a degree of care as a passenger in an automobile. As to the latter we have held:

"An invited passenger in an automobile is not absolved from the duty to exercise reasonable care for his own safety, and whether he has done so, under the circumstances shown, usually becomes a question of fact for the jury." *June* v. *Grand Trunk Western Railway Co.* (syllabus), 232 Mich 449.

Under facts quite comparable with those in the instant case, in *Mitchell* v. *DeVitt,* 313 Mich 428, we held that whether a passenger in an automobile "was guilty of contributory negligence herself was one of fact." See, also, *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697).

It follows from our holding as already noted in the instant case that plaintiff's motion for a directed verdict made at the close of the proofs was properly denied. Under the record the jury might have found that the sole proximate cause of this accident was the negligence of the driver of the motorcycle, or the jury might have found that plaintiff failed to prove freedom from contributory negligence. Under our view of the record as herein stated the trial court was not in error in denying plaintiff's motion for a directed verdict nor in denying plaintiff's later motions for judgment notwithstanding verdict and in the alternative for a new trial.

The judgment entered in the circuit court is affirmed, with costs to appellees.

Sharpe, C. J., and Bushnell, Boyles, Reid, Dethmers, Butzel, and Carr, JJ., concurred.