PARSONS v. HOFFMAN.

KEYSER v. SAME.

1. Appeal and Error—Refusal to Direct Verdict for Plaintiff—Evidence.

On plaintiffs' appeal from trial court's refusal to instruct jury in case arising from rear-end automobile collision that defendant was guilty of negligence as a matter of law and in declining to direct a verdict in favor of plaintiff passenger, the testimony is viewed in the light most favorable to defendant.

2. Automobiles—Rear-End Collision—Negligence—Evidence.

Neither plaintiff motorist nor his passenger was entitled to have jury instructed that northbound defendant was negligent as a matter of law under evidence showing latter had been traveling at speed of 70 miles an hour on trunk-line highway during nighttime, that terrain somewhat obscured intersection with county road from which westbound plaintiff had turned north and was partially in left lane some 50 feet north of intersection when struck by right front of defendant's car then entirely in left lane, since the issues of whether defendant· was travelling at a speed greater than would permit him to stop within the assured clear distance ahead, failing to maintain a reasonable and proper lookout, or of overtaking and attempting to pass plaintiff's automobile without first taking necessary precautions to determine he could .do so in safety, or of following plaintiff's automobile too closely were questions of fact for the jury.

Appeal from Crawford; Shaffer (John C.), J. Submitted October 8, 1957. (Docket Nos. 19, 20, Calendar Nos. 47,132, 47,133.) Decided March 7, 1958.

Separate actions by William F. Parsons, automobile owner, and William F. Keyser, passenger, against Ralph E. Hoffman for personal injuries sustained in automobile collision. Cases combined for

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 1013, 1028.

trial and appeal. Verdicts and judgments for defendant. Plaintiffs appeal. Affirmed.

*Harold W. Geddes,* for plaintiffs.

*Charles H. Menmuir,* for defendant.

DETHMERS, C. J. Plaintiff Parsons was the owner and operator of an automobile and plaintiff Keyser was a passenger therein when it was struck in the rear by an automobile owned and driven by defendant. Plaintiffs sued for resulting damages, the cases were combined for trial, and a jury returned verdicts of no cause for action. From orders denying motions for new trials, plaintiffs appeal.

There is conflicting testimony as to how the accident occurred. While we might share the view of the trial court, expressed in his statement that had he been the trier of the facts he might well have reached a different result than did the jury, nonetheless the record discloses ample reasons for the jury's disbelief of plaintiffs' version. We are equally, however, not the triers of the facts, nor is the weight of the evidence the question being urged before us. Rather, plaintiffs claim, on appeal, that the trial court erred in refusing to instruct the jury, as requested, that as a matter of law defendant was guilty of negligence and in declining to direct a verdict for plaintiff Keyser. In the consideration of such claims we must view the testimony in the light most favorable to defendant. *Leonard Refineries, Inc.,* v. *Gregory,* 295 Mich 432; *Sheffer* v. *Fleischer,* 158 Mich 270; *Chase* v. *Michigan United R. Co.,* 165 Mich 493. So viewed, the pertinent facts are as follows: Defendant was driving his automobile at 70 miles per hour, after dark with headlights lighted, in a northerly direction on his own right side of the pavement on a trunk-line highway, ap-

proaching from the south its intersection with an east-and-west county road. To the south of the intersection is a rise in the trunk line obscuring the view of the corner for traffic coming from the south, but as the top of the rise is reached the intersection becomes visible in a dip. Defendant came over the rise and his lights shone down into the dip. Plaintiff Parsons' automobile had just entered the intersection after coming on the county road from the east. It was in the process of turning north on the trunk line. Defendant saw it headed northerly about 300 feet ahead, a distance within which he testified he probably could have stopped his car. Plaintiff's automobile appeared to defendant to be swinging or making a sweep as if it had just turned into the intersection, and about a third of it was over or west of the center line. It seemed to hesitate and then to be pulling to its own side. It proceeded at less than 10 miles per hour. Defendant testified that it took a second for him to realize the dangerously low speed at which plaintiff's automobile was traveling, but that as soon as he became aware of that fact he swung to the left to avoid it and that he did everything he could to keep from hitting it. Defendant got his automobile completely into the left or west lane in order to pass plaintiff's automobile, saw lights of an oncoming automobile come over the hill from the north and applied his brakes, whereupon his automobile slid straight forward, the right front eventually striking the left rear of plaintiff's automobile. If plaintiff's automobile had not been over or west of the center line the collision would not have occurred. Plaintiff's automobile had gone less than 50 feet from the corner when it was struck.

The date of the accident was July 11, 1954, before enactment of present statutory speed limits.*

Under such facts should defendant have been held, as plaintiffs contended, guilty, as a matter of law, of traveling at a speed greater than would permit him to stop within the assured clear distance ahead, or of failing to maintain a reasonable and proper lookout, or of overtaking and attempting to pass plaintiff's automobile without first taking necessary precautions to determine that he could do so in safety, or of following plaintiff's automobile too closely and, therefore, of negligence which was a proximate cause of plaintiffs' injuries? We think that in the light of facts as above stated these issues raised questions of fact for the jury. This is consistent with the holdings of this Court, under somewhat different facts, in *Zebell* v. *Krall,* 348 Mich 482; and *Sun Oil Co.* v. *Seamon,* 349 Mich 387. Accordingly, plaintiff Keyser was not entitled to a directed verdict in his favor, nor was either plaintiff entitled to an instruction that defendant was guilty, as a matter of law, of negligence which was a proximate cause of the collision. Other claims of error are without merit.

Affirmed, with costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.

---

* See PA 1949, No 300, § 628, as amended by PA 1955 (1st Ex Sess), No 10, and PA 1956, No 93 (CLS 1956, § 257.628, Stat Ann 1957 Cum Supp § 9.2328).—REPORTER.