YARABEK *v.* BROWN.

1. AUTOMOBILES—PASSENGERS—DUTY OF VIGILANCE.

The front-seat passenger in a passenger automobile is now burdened with no greater duty of vigilance than the rear-seat passenger, since any other conduct than silence or inaction on the part of a passenger may be fraught with danger.

2. SAME—PASSENGERS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The evidence is viewed in a light most favorable to defendant on a plaintiff's motion to eliminate the question of contributory negligence from consideration by the jury in an automobile passenger's action against motorist in colliding car.

3. SAME — PASSENGERS — CONTRIBUTORY NEGLIGENCE — SPEED — EVIDENCE.

Plaintiff, a passenger in northbound car on 6-lane through highway, in action against defendants whose car had been southbound and turned left while traffic light was green, *held*, to have sustained her burden of disproof of contributory negligence under record showing, at most, that car was exceeding 35-mile-an-hour speed limit by less than 10 miles per hour without remonstrance from her.

4. APPEAL AND ERROR—AFFLUENCE—UNEMPLOYMENT—INSURANCE.

Defendants' improper effort to get across to jury the combination of assumed affluence of plaintiffs and the fact and duration of defendant driver's unemployment and plaintiffs' improper effort to get across to jury on *voir dire* examination defendants' insured status effected a nonreversible standoff.

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5A Am Jur, Automobiles and Highway Traffic § 795 *et seq.*
Personal care required of one riding in automobile driven by another as affecting his right to recover against third persons. 18 ALR 309, 22 ALR 1294, 41 ALR 767, 47 ALR 293, 63 ALR 1432.

Appeal from Oakland; Adams (Clark J.), J.   Submitted April 14, 1959.   (Docket No. 44, Calendar No. 47,768.)   Decided July 14, 1959.

Case by Margaret Yarabek against Raymond O. Brown and Georgia M. Brown for personal injuries sustained in automobile collision.   Verdict and judgment for defendants.   Plaintiff appeals.   Reversed and remanded.

*van Benschoten & van Benschoten,* for plaintiff.

*Cary, BeGole & Martin,* for defendants.

This is a negligence case, arising from a collision of 2 automobiles in a highway intersection.   Telegraph road skirts the westerly limits of Pontiac. It is a 6-lane north-south superhighway where it crosses east-west Elizabeth Lake road.   Traffic passing through the intersection is controlled by the usual control signal, which is suspended overhead in the center of the intersection.   Here 2 automobiles, one occupied by plaintiff Margaret Yarabek and the other driven by defendant Raymond O. Brown, came together with untoward results.

Plaintiff Margaret Yarabek was riding in the front seat with her husband-driver.   The Yarabek car was proceeding north on the right side of Telegraph road.   Defendant Raymond O. Brown was driving south on Telegraph road, and intended to make a left turn into Elizabeth Lake road.   Mr. Brown slowed up, in the easternmost lane designed for southbound Telegraph road traffic, and came to a complete stop with the left front portion of his car standing directly beneath the mentioned traffic signal.   Having waited in such position for a truck and 2 or 3 other northbound cars to proceed through the

intersection, and having observed, as he says, what turned out to be the oncoming Yarabek car at an estimated distance of 400 to 500 feet, Mr. Brown started the intended turn and partially completed it before the collision, presently described, took place. He did not observe the Yarabek car again, after having noticed its approach as above.

According to the testimony of Mr. and Mrs. Yarabek, the Brown car started forward, from its stopped position under the traffic light, when their car was a bare 50 to 75 feet from the intersection. All parties agree that the collision was that of the front portion of the Yarabek car with the right side of the Brown car, and that the collision occurred either in the center lane, of the 3 northbound traffic lanes, or in the extreme easterly lane. It is also agreed that the traffic light showed "green" for traffic on Telegraph road, and that its signal remained so at all times under present consideration. It was shown further that Telegraph road was posted, with respect to vehicular speed in the vicinity, at a maximum rate of 35 miles per hour.

There was no direct evidence of the approach-speed of the Yarabek car excepting the testimony of Mr. and Mrs. Yarabek (that the car was proceeding at approximately 35 miles per hour) and excepting the testimony of the investigating traffic officer. The traffic officer testified that Mr. Yarabek, shortly after the accident, said his rate of speed "would be closer to 45 than it would be 35."

Mrs. Yarabek's ensuing suit for negligence, brought against Mr. Brown as driver and defendant Georgia M. Brown as owner, came to trial before the court and a jury. The jury returned a verdict in favor of defendants, on which judgment was entered. Plaintiff appeals.

BLACK, J. (*after stating the facts*).  The principal
question brought here is whether the trial judge
should have eliminated the issue of contributory neg-
ligence from jury consideration.  Having compared
—at request of all counsel—*Jones* v. *Daniels,* 328
Mich 402 and its predecessor cases with *Tracy* v.
*Rublein,* 342 Mich 623; and *Sherman* v. *Korff,* 353
Mich 387, we conclude that such should have been
done and that the judgment of the trial court must on
that account be reversed.

The distinction, made in *June* v. *Grand Trunk
Western R. Co.,* 232 Mich 449 (citing in support
*Bradley* v. *Interurban R. Co.,* 191 Iowa 1351 [183
NW 493], and *Weidlich* v. *New York, N. H. & H. R.
Co.,* 93 Conn 438 [106 A 323]), between the duties
of front- and rear-seat vehicular passengers has, we
think, passed into history by force of reasoning
shown in *Jones* and *Sherman, supra.*  The front-seat
passenger ordinarily—and this Yarabek case is
quite ordinary in such regard—is burdened in the
motoring circumstances of today with no greater
duty of personal vigilance than the rear-seat pas-
senger.  The reason is known to all veteran motor-
ists.

In the early days of the automobile, and of the
dirt road, motoring speeds in excess of 20 miles per
hour were regarded as dangerous and foolhardy.
There was both reason and occasion, then, for cer-
tain passenger participation in the action and in-
action of the driver.  What is more, and this factor
is worthy of comparative emphasis, there usually
was time—some time at least—for passenger ob-
servance and occasional warning of the driver
against fancied or real perils ahead and to left or
right.  In extreme circumstances it was even pos-
sible that a passenger might, in the parlance of vet-
eran railroad trainmen, safely "hit the real estate."

All these factors have now disappeared,* principally because motoring hazards develop too fast for warning or personal action by a passenger even though he has spotted imminent danger before the driver has. As was recently made clear in *Sherman,* any action of a passenger, admonitory or otherwise, is apt to increase rather than decrease the swift rush of danger—if danger be imminent. " 'Generally,' it was well put in a Federal case, 'it is the duty of the passenger to sit still and say nothing. It is his duty, because any other course is fraught with danger.' " (Quotation from *Sherman* at page 395.)

Let us consider for a moment *June* v. *Grand Trunk Western R. Co., supra,* and the remaining "back seat" cases on which its rule was predicated (*Bradley* v. *Interurban R. Co.* and *Weidlich* v. *New York, N. H. & H. R. Co., supra*). In *June* the passenger was riding (in the back seat) in a Ford touring car. Its rate of speed was "from 6 to 10 miles per hour" as it approached the fatal grade crossing. In *Weidlich* the corresponding rate of speed of approach was 15 miles per hour. Today, such are starting speeds only and, however we may deplore the transition from miles per hour to feet per second in the compared speeds of motor traffic, the change appears to be a permanent one. It dictates a new view, and a plainly declared revision of earlier judicial thought, upon the question of personal contributory negligence of a motorcar passenger.

In this case of Yarabek, and granting that a plaintiff's motion for peremptory instruction (in a negligence case) is to be judged exactly as we judge a defendant's motion for such instruction (*Parsons* v. *Hoffman,* 352 Mich 8), we cannot find on favorable-to-defendant view of the record any proof or inference by which the question of contributory negli-

* Note the unique method of their burial in *Mitcham* v. *City of Detroit,* 355 Mich 182, 188.

gence should have been submitted to the jury. To make it plain, we think Mrs. Yarabek fully met, as a matter of law, her then burden of disproof of contributory negligence. This pursues the essence of our holding in *Jones, supra,* and places in distant setting any thought that *Tracy, supra;* and *Mitchell v. De Vitt,* 313 Mich 428; and *White* v. *Huffmaster,* 326 Mich 108, are authority for the proposition that the question of a motor passenger's contributory negligence is always one of fact.

This is not to say that a specific factual situation may not present either a question of fact or the requirement of a directed verdict (where the issue is that of a passenger's contributory negligence). It is to say that the ordinary case calls for elimination of the question from jury consideration. Any other ruling, in the case—as here—where moderately excessive speed of the car occupied by the plaintiff is assigned as ground for a holding or finding of contributory negligence, would place on the passenger the unseemly burden of steady duty-watch of the car's speedometer (something which is not easy to do, with accuracy, considering the oblique view from the right); the corresponding burden-duty of constant observation of highway speed control signs, and the final duty of reproof as indicated by such watchfulness. We are not ready, in these times, to so burden front- or back-seat passengers.

In view of our holding, declared above, it is unlikely that other stated and counterstated questions will arise on retrial. We are constrained to say, however, that defendants' improper effort to get across to the jury the combination of assumed affluence of the Yarabeks and the fact and duration of defendant Raymond O. Brown's unemployment, was matched by plaintiff's successful (and, as we have recently held [*Darr* v. *Buckley,* 355 Mich 392]

quite improper) effort to inject into the case, on *voir dire*, the insured status of defendants. We find a nonreversible standoff here.

Judgment reversed. New trial ordered. Costs to plaintiff.

SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

CARR, J. (*dissenting*). Plaintiff was injured in a traffic accident occurring in Oakland County on December 30, 1955, at approximately 2 o'clock in the afternoon, and brought this action to recover damages. She was at the time a passenger in an automobile operated in a northerly direction on Telegraph road, the driver being her husband. Defendant Raymond O. Brown was driving south on said road in a car owned by himself and the other defendant. Mr. Brown desired to make a left turn at the intersection of Telegraph road with Elizabeth Lake road, and came to a complete stop before undertaking to do so. After awaiting the passage of other vehicles he started to complete the turn, and was struck by the Yarabek car approximately in the center of the east half of Telegraph. On the trial of the case it was the claim of plaintiff that the negligence of defendant Raymond Brown was a proximate cause of the accident and injury, and that there was no negligence on her part. It is conceded that if Mr. Yarabek was guilty of negligence it was not imputable to plaintiff.

The case was tried before a jury, the testimony of the parties being contradictory, particularly with reference to the position of the Yarabek car at the time Mr. Brown started his car in motion for the purpose of completing his turn to the left. The proofs indicated that he traveled a distance of not less than 20 feet. On behalf of plaintiff it was con-

tended that the car in which she was riding was approximately 75 feet from the point of impact when defendants' car started to move in an easterly direction.

Defendant Raymond Brown testified that after waiting for other vehicles to pass in front of him on Telegraph road he made an observation to the south and saw the Yarabek car approaching at a distance of 400 or 500 feet. He claimed further that he concluded that he could cross in front of it and undertook to do so. Plaintiff's motion for a directed verdict, based on her claim that she was free from contributory negligence as a matter of law and that defendant Raymond Brown was guilty of negligence constituting a proximate cause of the collision, was denied. The issues of negligence, contributory negligence, and proximate cause were submitted to the jury for determination. Verdict was returned in favor of defendants, plaintiff's motion for a new trial was denied, and she has appealed.

The principal question at issue is whether the trial judge was in error in submitting to the jury the issue of contributory negligence on the part of plaintiff. She was riding in the front seat of the automobile beside her husband, noted that their car was being driven in the center lane for northbound traffic, that the traffic light at the intersection was green for such traffic, and that the color did not change prior to the collision. She also stated that she observed defendants' car undertaking to make a left-hand turn. No claim is made in her behalf that she called her husband's attention to the situation. At the time of the trial the burden rested on her of establishing freedom from contributory negligence on her part as a condition prerequisite to recovery of damages.

Testifying in plaintiff's behalf her husband stated that he was driving at 35 miles per hour, that at the time defendants' car was starting to go east on Elizabeth Lake road he was approximately 75 feet distant, that he was driving in the center lane for northbound traffic, and that he struck defendants' car in such lane. He further expressed the opinion that the latter vehicle was proceeding at about 2 miles per hour. A deputy sheriff of the county, who investigated the accident, was called as a witness on behalf of plaintiff and testified that Mr. Yarabek admitted to him that he was driving between 35 and 45 miles per hour, "closer to 45." The record indicates that the posted speed limit was 35 miles per hour. The witness further stated that there were no skid marks made by the Yarabek car on either side of the place where the collision occurred.

Without discussing the proofs in detail, it clearly appears that there was a material contradiction in the testimony of the parties, particularly with reference to the distance of the Yarabek car from the intersection at the time defendant driver started his automobile for the purpose of crossing the east half of Telegraph road. The fact that he had proceeded for a distance of at least 20 feet before being struck by the Yarabek car would indicate that, if he was driving at a speed of 2 miles per hour, the vehicle in which plaintiff was riding, if driven 35 miles per hour or more in the center lane of traffic, would not have come in contact with defendants' automobile. Because of the contradictory nature of the testimony, the trial judge concluded that the issues as to defendants' negligence and plaintiff's freedom from contributory negligence should be submitted to the jury.

In denying the motion for a directed verdict, Judge Adams stated:

"The defendant testified that after he had stopped at the intersection, preliminary to making a left hand turn, he looked to the south for oncoming traffic and saw the car in which the plaintiff was riding some 400 to 500 feet away. That testimony was confirmed by other testimony to the effect that the plaintiff's car was moving some 17-1/2 times as fast as the defendants' car and that the defendant went upwards of 20 feet at 2 miles per hour from the place where he stopped and made his observations, to the point of the impact. The speed limit in that area is 35 miles per hour.

"Hence it cannot be said as a matter of law that the plaintiff's car constituted an immediate hazard to the defendant when he started to turn. If those were the facts, he had the legal right-of-way under the statute to complete his turn. Having made the turn he was justified in then turning his attention to oncoming traffic on Elizabeth Lake road and away from the road that he was leaving. There was, of course, much testimony to dispute the defendant's story, but it cannot be said as a matter of law that the defendant was guilty of negligence. It is the province of the jury to determine where the truth lies as between conflicting statements.

"Nor was the plaintiff free of contributory negligence as a matter of law. If the plaintiff's car was 400 to 500 feet away when the defendant started to complete his turn, then the plaintiff had a duty to warn her husband of the danger in his continued and unabated speed for she testified that she was sitting in the front seat of the automobile, that there was nothing to obstruct her view, and that she saw the defendant start to turn into Elizabeth Lake road."

In passing on the motion for a new trial, which was based principally on alleged errors in the charge to the jury and on the refusal to give certain requests submitted on behalf of plaintiff with reference to questions of negligence, the judge incorpor-

ated as a part of the opinion the prior opinion on the motion for directed verdict, concluding for the reasons given by him that the issues in the case were properly submitted to the jury for determination.

This Court has repeatedly held in prior decisions that a passenger in an automobile, who is injured in an accident and seeks damages therefor, must show facts indicating freedom from contributory negligence on his or her part in order to sustain the burden of proof.* Unless the evidence introduced was sufficient to establish that such plaintiff had not failed to exercise reasonable care for his or her safety, the question of contributory negligence, or freedom therefrom, was considered a matter for determination by the jury. In *June* v. *Grand Trunk Western R. Co.,* 232 Mich 449, 456, it was said:

"It is the undoubted rule that the invited passenger is not absolved from the duty to exercise reasonable care for his own safety. Whether he had done so under the circumstances shown and situation in which he is placed usually becomes a question of fact for the jury."

In *White* v. *Huffmaster,* 326 Mich 108, the general rule was recognized and applied. The facts in that case were somewhat analogous to those in the case at bar. Plaintiff was a passenger on a motorcycle, riding behind the driver. She observed defendants' automobile approaching the intersection where the accident occurred, at a distance of approximately 200 feet therefrom, and that said car was traveling at a rate of approximately 35 miles per hour. When at a like distance from the intersection, the operator

---

* The cases referred to were decided before the adoption of Court Rule No 23, § 3a, effective June 1, 1958, which declares contributory negligence a matter of affirmative defense to be pleaded and proved as such by the defendant. The case at bar was tried in circuit court before said amendment became operative.

of the motorcycle indicated by signal his intention to make a left-hand turn. The Court concluded that such fact must have been known to plaintiff, and that she was in a position to appreciate the hazard presented by the movements of the motorcycle and the defendants' car. Admittedly she did nothing towards warning the driver of the motorcycle of the impending danger. This Court on appeal held that the trial court was right in submitting the issue of contributory negligence to the jury. It was specifically held that the plaintiff's motion for a directed verdict and subsequent motion for judgment notwithstanding the verdict of the jury were properly denied. Judgment in defendants' favor was accordingly affirmed. The above cited cases are typical of the decisions of this Court on the matter in issue in the case at bar. .

Counsel for appellant have called attention to *Jones* v. *Daniels,* 328 Mich 402. There the plaintiffs, whose cases were consolidated for trial and on appeal, were guest passengers in an automobile which collided with defendants' car. The proofs introduced on the trial, which were uncontradicted in this respect, disclosed that one of the plaintiffs was riding in the back seat, and that he was at the time relaxing, and that he did not see defendants' car or know what happened. The other plaintiff was sitting beside the driver and at the time of the collision was watching another vehicle that the car in which she was riding was passing. Said plaintiff was apparently not familiar with the road, did not know that the car operated by the driver was approaching a curve, and did not see any yellow line on the pavement. The general rule was recognized as laid down in the cases above cited, but the Court concluded, in view of the undisputed proofs, that plaintiffs were not aware of any impending traffic

hazard, and that, as a matter of law, they were not guilty of contributory negligence.

In the case at bar the plaintiff was looking ahead and, according to her own testimony, observed the traffic light and the automobile of the defendants. She was in position to realize that an accident might happen if her husband continued to drive at his then rate of speed. She could scarcely have failed to note that he was not decreasing such speed or exercising precautions to avoid the impending danger. Plaintiff's proofs disclosed that the impact took place in the center lane for northbound traffic, indicating that Mr. Yarabek did not change the direction in which he was traveling. As before noted, the deputy sheriff of the county, who testified as a witness for plaintiff, discovered no skid marks on the pavement. The jury may have concluded from the testimony that Mr. Yarabek, while presumably watching the road before him, did not for some reason realize the possible consequences of his continuing on his course in apparent disregard of the movement of defendants' automobile. If he was in fact 400 to 500 feet from the intersection when defendants' car started to cross the east half of Telegraph road, he had plenty of opportunity to exercise precautions to avoid an accident, and likewise plaintiff, observing the situation, and charged with notice of what might occur if her husband did not exercise reasonable care, was not prevented from calling his attention to the situation with perhaps a warning as to his rate of speed. This she did not do, and we think an issue of fact as to her contributory negligence was thereby presented.

In *Tracy* v. *Rublein,* 342 Mich 623, cited by counsel, the driver of an automobile in which plaintiff was a passenger ran into a disabled truck parked partly on the highway. While the facts were scarce-

ly analogous to those in the case at bar, this Court, in affirming a judgment for the plaintiff, held that the issue of defendant's negligence as well as the question of contributory negligence of the plaintiff were properly submitted to the jury. In *Sherman v. Korff,* 353 Mich 387, the plaintiff-appellant was riding in an automobile owned by himself and his wife jointly, and driven by the latter, which came in collision with defendants' car with resulting injury to plaintiff. Actions were brought by both husband and wife on the theory that the sole proximate cause of the accident was the negligence of defendants' driver. Special questions were submitted to the jury, the answers to which indicated that the jury had determined that neither driver had established freedom from negligence. Such answers disposed of the wife's case. Involved in the litigation was the issue as to whether Mr. and Mrs. Sherman were at the time engaged in a joint enterprise. Such question, on which this Court divided, was basically one involving imputed negligence. It was, however, recognized that under some circumstances a passenger may himself be guilty of negligence if he owes a duty to warn the driver of an impending danger and fails to do so. Such is the situation in the case at bar.

No issue of imputed negligence is here involved. Rather, the question presented is whether the plaintiff, in the exercise of due care for her own safety, should have called her husband's attention to the impending danger which she must have observed. If the facts were as claimed by defendants, she had ample opportunity to give the requisite warning challenging her husband's attention to the situation before them. This she did not do. Whether her failure constituted negligence presented on the trial a question concerning which differences of

opinion might exist. The trial judge was not in error in submitting the issue to the jury as one of fact.

Other questions argued by counsel do not require discussion. The case was fully and fairly submitted to the jury, and there was no error prejudicial to plaintiff in the charge as given or in the denial of the requests submitted. The judgment should be affirmed.

Dethmers, C. J., and Kelly, J., concurred with Carr, J.