SPENCER *v.* CITY OF MIDLAND.

1. AUTOMOBILES—PASSENGERS—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

Instructions in front-seat passenger's action against city for injuries received when car had struck hole in pavement of street and gone out of control, which required such passenger to warn driver of danger of which the passenger was aware but of which the driver was not or which the passenger had every reason to believe the driver was unaware *held*, erroneous as imposing a greater duty of personal vigilance on the part of any passenger than should be imposed where the driving is not such as to cause a reasonably prudent person to believe the driver is careless or inattentive.

2. SAME—PASSENGERS—INSTRUCTIONS—REQUEST TO CHARGE—CONTRIBUTORY NEGLIGENCE.

Plaintiff passenger, who was injured when car in which he was riding hit a tree after going out of control when it hit a hole in the pavement, *held*, to have sustained his burden of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 799.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1097.

disproof of contributory negligence hence, his requested instruction that he was not guilty of contributory negligence should have been given.

Appeal from Midland; Holbrook (Donald E.), J. Submitted October 9, 1959. (Docket No. 46, Calendar No. 47,952.) Decided January 4, 1960.

Case by Harold Spencer against the City of Midland, a municipal corporation, for personal injuries sustained when motor vehicle in which he was guest passenger was wrecked after hitting defect in road. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial ordered.

*Oscar W. Baker,* for plaintiff.

*Merritt R. Jones* and *Joel H. Kahn,* for defendant.

KAVANAGH, J. Plaintiff lived on Eastman road north of the city of Midland. On June 10, 1955, he was employed by a construction company on the new Midland high school. He had been so employed for about 8 days previous to the accident here in question.

Eastman road, the scene of the accident, is a north and south road and is intersected from the east by Bitler street about 1/2 mile north of US–10 in the city of Midland.

Plaintiff, admittedly a guest passenger, was riding in a 1950 Chevrolet pick-up truck driven by Harold' Bloom. Mrs. Bloom sat in the middle next to the driver and plaintiff was seated next to Mrs. Bloom on the right side. Bloom, just previous to 6:30 that morning, had picked up plaintiff at his home to give him a ride to work as he had regularly done for some period of time. Just north of Bitler street Bloom hit a hole in the road, causing him to lose control of the pick-up truck and eventually hit a tree on the

right side of the road. This collision resulted in permanent injuries to plaintiff. Eastman road is about a 20-foot blacktop road. Cars had been pulling out on the right shoulder or driving on the east side of the road in order to drive around the hole in question.

Plaintiff contended that the hole had been there for at least 10 weeks prior to June 10, 1955, the date of the accident, and the city had made some temporary repairs.

It was the contention of the defendant city that the hole was practically nonexistent at the time of the accident; that the repairs were such that there was but a very slight depression which had been caused by the spring thaws; that defendant had no notice of a dangerous condition, in fact that there was not a dangerous condition.

The proofs disclosed that on the morning of the accident plaintiff never saw the hole in the road. He testified he was looking to the west side of the road, out the window on the right side of the pick-up truck, and was not looking straight ahead. He knew that the hole was there and knew that his driver was aware of the fact that the hole was there. He also knew that the driver was in the habit of turning to the east side of the road to go around the hole. What he did not know was that on this particular morning as his driver approached the hole and was preparing ·to turn to the east side of the highway a car was approaching from the opposite direction. Plaintiff's driver discovered that he would not be able to turn to the east side of the highway because of the presence of the car. As a result plaintiff's driver ran into the hole. Plaintiff first learned of this situation when he felt the pick-up truck drop into the hole.

Plaintiff stated that Bloom was driving at a moderate rate of speed, which he estimated at between 35 and 45 miles per hour.

Bloom, plaintiff's driver, described the highway conditions, the manner in which he lost control of the car after hitting the hole, and his speed as being between 35 and 45 miles per hour before arriving at the hole.

The case was tried to a jury and a verdict of no cause for action was rendered.

Plaintiff appeals and claims: (1) The trial court erred in failing to instruct as a matter of law, as requested, that plaintiff was not guilty of contributory negligence; (2) The trial court erred in failing to read all of ordinance 264 relating to speed and which ordinance had been introduced in evidence; (3) The trial court committed prejudicial error in instructing the jury on plaintiff's contributory negligence, which they were permitted to consider as a question of fact.

In his general charge to the jury the court instructed that one of the elements plaintiff must prove in the case is freedom from contributory negligence. He then instructed:

"The negligence of the driver of an automobile in which the guest passenger is riding, is not imputable to the guest passenger, however, the guest passenger by such rule is not absolved from the duty to exercise reasonable care for his own safety; he is not obliged to use the degree of care exercised by the driver, but he is required to use ordinary care to observe and appreciate danger, that is, to use the degree of care a reasonably prudent person would use under the same circumstances and surrounding conditions then existing. It has been stated that a guest passenger is guilty of contributory negligence if he fails to exercise an ability which he has in fact, to control the conduct of any third person where a

reasonably prudent person would realize such control is necessary for his own safety. Thus where a guest passenger does not warn a driver of a danger which he knows, and which he has every reason to believe the driver is unaware, or where a guest passenger fails to exercise that degree of care an ordinarily prudent person would exercise under like circumstances, by failing so to do he becomes guilty of contributory negligence, which precludes him from recovering against some other person, and in this case the city of Midland."

Later in the charge the court again went over the contributory negligence rule, and stated as follows:

"It has been stated that a guest passenger is guilty of contributory negligence if he fails to exercise an ability which he has in fact to control the conduct of any third person where a reasonably prudent person would realize such contributory negligence [control?] is necessary for his own safety, and where a guest passenger does not warn a driver of a danger which he knows and which he has every reason to believe the driver is unaware, or where a guest passenger fails to exercise that degree of care an ordinarily prudent person would exercise under like circumstances, by failing so to do he becomes guilty of contributory negligence which precludes him from recovering against some other person, and in this case it is the city of Midland. * * * Plaintiff was chargeable with the knowledge, that he should have acted as an ordinarily prudent person, if he had acted as such he would have warned the driver of his vehicle and told him to drive his car in a different manner than in which he did."

The jury retired at 5:15 p.m. At 10:10 p.m. the jury returned to the courtroom and asked for further instructions. One of the jurors requested further instructions in regard to guest passengers and the contributory negligence rule. The court then gave the following instructions:

"Lady and gentlemen of the jury, you have asked for further instructions concerning the law of guest passenger, and contributory negligence thereunder. The court will attempt to give this to you again. It is the law in Michigan that a guest passenger is not chargeable with the negligence of his driver, in other words, such negligence is not imputed to him. However, it is also the rule that the invited passenger is not absolved from the duty to exercise reasonable care for his own safety. The guest passenger is not required to keep a lookout, nor be in constant vigilance against possible danger, his duty is to warn the driver of visible or ascertainable imminent danger of which the guest passenger is aware and of which the driver is not aware of, or which the guest passenger has reason to believe the driver is unaware of. If the driver is driving in a manner which would not cause a reasonably prudent guest passenger alarm, and such passenger has no previous notice the driver is inattentive or careless, the guest passenger is under no duty to be on the lookout, or to anticipate possible danger. If the guest passenger has no actual notice of a danger, and under no duty to anticipate danger because of previous notice of the driver's habits, speed, or other conditions, then the guest passenger is under no duty to warn the driver of visible and ascertainable danger which the passenger could have seen if he had been on the lookout. The court feels that is the law in Michigan on contributory negligence of a guest passenger."

After this instruction another juror indicated that he was not exactly satisfied and the court again restated the rule as follows:

"It is also the rule that the invited passenger is not absolved from the duty to exercise reasonable care for his own safety. The guest passenger is not required to keep a lookout, nor be in constant vigilance against possible danger, his duty is to warn a driver of visible or ascertainable imminent danger of which the guest is aware and of which the driver

is not aware, or which the guest passenger has reason to believe that the driver is not aware of. If the driver is driving in a manner which would not cause a reasonably prudent guest passenger alarm and such passenger has no previous notice that the driver is inattentive or careless, the guest is under no duty to be on the lookout, or to anticipate possible danger. The converse probably is also included in this instruction, which would probably read as follows: If the driver is driving in a manner which would cause a reasonably prudent guest passenger alarm and such passenger has previous notice that the driver is inattentive or careless, the guest then would be under the duty to be on the lookout or to anticipate possible danger."

Without regard to whether this could be considered a proper charge prior to the decisions in *Sherman* v. *Korff*, 353 Mich 387, and *Yarabek* v. *Brown*, 357 Mich 120, certainly in view of the rules established in these 2 cases, it is apparent that the charge was erroneous. The *Sherman* v. *Korff Case* disposed of the question of control by a guest passenger even when husband and wife are involved. The *Yarabek* v. *Brown Case* abolished the distinction made in *June* v. *Grand Trunk Western R. Co.*, 232 Mich 449, between the duties of front- and rear-seat vehicular passengers. The present law places no greater duty of personal vigilance on the part of a front-seat passenger than that of a rear-seat passenger.

It appears that the burden of disproof of contributory negligence by the plaintiff was fully met and that the requested instruction that plaintiff was not guilty of contributory negligence should have been given. *Jones* v. *Daniels,* 328 Mich 402; *Sherman* v. *Korff,* 353 Mich 387; *Yarabek* v. *Brown,* 357 Mich 120.

As the matter must be retried, other allegations of error made by appellant in his brief need not be reviewed, since they cannot be expected to arise on the retrial of this case.

The judgment is reversed and a new trial is ordered. Costs of this Court to appellant.

SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred with KAVANAGH, J.

CARR, J. (concurring). This case has resulted from a traffic accident occurring on June 10, 1955, on a street in defendant city. Plaintiff sought to recover damages for injuries received by him on the ground of negligence on the part of defendant in the maintenance of the highway in question. He was at the time riding as a guest passenger in an automobile driven by Harold Bloom, and was being transported to the place where he was employed.

The testimony on the trial indicated that the driver of the car was familiar with the highway and knew of the alleged defect that, as it is claimed, caused the accident. It had been his custom to avoid the defective place in the highway, when approaching on the side of the road where such defect existed, by turning to the opposite side. On the occasion in question the driver undertook to proceed accordingly but as he was so doing discovered that an automobile was approaching from the opposite direction. In consequence he was compelled, as he claimed, to drive through the depression or hole in the pavement, a course of action resulting in plaintiff's injuries.

At the time plaintiff was not watching the highway or observing the manner in which the car was being driven. Under the circumstances disclosed by the proofs, it does not appear that any obligation rested on him to do so. He had confidence in the driver

who was, to his knowledge, familiar with the situation and knew how to avoid the defect as he approached it. Negligence may not be ascribed to plaintiff because of his failure to watch for approaching traffic coming from the opposite direction, or because of failure to advise the driver that they were in proximity to the defective pavement. Had plaintiff actually seen the automobile coming from the opposite direction and had reason to believe that the driver had not observed it, a different question would be presented.

Under the record the factual situation is analogous to that involved in *Jones* v. *Daniels,* 328 Mich 402. There actions for damages brought by 2 plaintiffs against defendant were consolidated for trial and on appeal. One of the plaintiffs was riding in the back seat of the car, did not see the approaching vehicle with which the collision occurred, and did not know what happened. The other plaintiff was riding in the front seat beside the driver, was not looking ahead immediately prior to the impact, but was giving her attention to a vehicle that the car in which she was a guest passenger was passing. In commenting on the situation with reference to the plaintiff who was riding beside the driver, it was said (p 408):

"The uncontroverted testimony of Kitty Warren Jones shows that she was unaware of the danger. Since the duty of a guest passenger even in the front seat does not extend beyond warning the driver of dangers known to the guest, and apparently unknown to the driver, there was no negligence on her part; and the trial judge should not have submitted contributory negligence on her part as an issue for the jury's determination."

A like conclusion was reached with reference to the question of negligence on the part of the guest pas-

senger who was riding in the rear seat of the automobile, the Court pointing out that the duty of a guest passenger extends only to warning the driver of dangers of which the guest is aware and of which the driver is not aware, or of which the guest has reason to believe the driver is not aware.

Under the facts in the case at bar there was nothing on which to predicate a finding that plaintiff violated any duty resting on him to exercise reasonable precautions for his own safety. On the contrary, the proofs indicated the absence of such violation and, in consequence, the question of his contributory negligence should not have been submitted to the jury. The error in so doing may well have been prejudicial, and we concur in reversal for that reason.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.