BALDWIN v. FARKAS

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PASSENGERS.

A charge to the jury on the contributory negligence of a passenger in an automobile is available only in very limited circumstances.

2. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PASSENGERS — INTOXICATION OF DRIVER.

A showing in an automobile negligence case that intoxicating liquor was used by the plaintiff's driver is insufficient to create a question of fact as to the plaintiff's contributory negligence; there must be a showing that the driver was under the influence of liquor to the extent that it impaired his driving.

3. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PASSENGERS.

A passenger in an automobile was not guilty of contributory negligence as a matter of law, where there was no evidence that his driver's driving was impaired by drinking or that the driver had acted in such a way as would have caused a reasonably prudent man to have refused to ride with him.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 524–548.
Automobile operator's inexperience or lack of skill as affecting his liability to passenger. 43 ALR2d 1155.
Contributory negligence, assumption of risk, or related defenses as available in action based on automobile guest statute or similar common-law rule. 44 ALR2d 1342.

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 October 14, 1970, at Lansing. (Docket No. 7,287.)    Decided November 30, 1970. Leave to appeal denied February 11, 1971.    384 Mich 806.

Complaint by Robert Baldwin against Stephen Farkas for automobile negligence.    Verdict and judgment for defendant.    Plaintiff appeals.    Reversed and remanded.

*Kelly, Kelly & Kelly,* for plaintiff.

*Burke, Burke, Ryan & Rennell,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

V. J. BRENNAN, J.    This is an appeal from a judgment on a jury verdict of no cause of action in an automobile negligence case and from the subsequent denial of a new trial.

The plaintiff, Robert Baldwin, stopped at a motel near Naubinway, Michigan, on the evening of November 12, 1964.    He and the owner of the motel, Walter Williams, decided to visit some acquaintances of the plaintiff who owned a tavern three miles down the highway.    During their visit, plaintiff and Williams consumed two mixed drinks each.    At approximately 1:30 in the morning, the two men started back to the motel on US–2 with Williams driving.

US–2 is a two-lane highway running east and west.    The night was clear, the road dry, and westbound traffic extremely heavy.    The automobile in which plaintiff was riding was proceeding east on US–2.    The defendant, William Farkas, was heading

---

* Circuit judge, sitting on the Court of Appeals by assignment.

west on the same highway. As plaintiff turned in his seat to look back at the heavy traffic in the other lane, the defendant pulled out to pass a trailer and collided with Williams' car head on. The accident occurred in the eastbound lane on a curve in the road. At the trial there was highly conflicting testimony on the question of whether the lights on the Williams' car were on at the time of the accident.

The plaintiff makes five assignments of error. Our decision on the first issue makes unnecessary a discussion of the remaining four.

Plaintiff contends that the court's charge to the jury was prejudicially erroneous. Over plaintiff's objection the court gave the following instruction:

"The question has been raised, too, about intoxication. So if you should find that the plaintiff's driver, Walter Williams, was under the influence of intoxicants and that the plaintiff knew, or as a reasonable prudent person under the same or similar circumstances should have known that he was under the influence of intoxicants, and that the plaintiff consented to ride with him knowing this, then the plaintiff would be guilty of negligence, and, if it was a proximate cause of the accident, then, of course, that would bar recovery."

Plaintiff says that the court should have withdrawn this issue from the jury's consideration since there was absolutely no evidence on the record which would support a finding of contributory negligence. We agree.

At the outset, we note that the Supreme Court has expressly cautioned that a charge on the contributory negligence of a passenger is available only in very limited circumstances. *Yarabek* v. *Brown* (1959), 357 Mich 120; *Spencer* v. *City of Midland* (1960), 358 Mich 346. In *Yarabek* v. *Brown, supra,* 125, the Court said:

"This is not to say that a specific factual situation may not present  *  *  *  a question of fact * * * . It is to say that the ordinary case calls for elimination of the question from the jury."

With this *caveat* in mind, we must explore the record to determine what evidence, if any, would support a finding that plaintiff was guilty of contributory negligence in riding with Williams.

The only testimony bearing on intoxication was as follows. Williams and plaintiff each had two mixed drinks over a period of approximately half an hour. Williams got into his car, turned his lights on, and proceeded in his own lane at a moderate rate of speed. No evidence was introduced that Williams' driving was in any way impaired or that he acted in such a manner that should have caused plaintiff to refuse to ride with him. On such facts as these, the question of contributory negligence should not have been presented to the jury.

Defendant cites the case of *Shannon* v. *Township of Jamestown* (1930), 251 Mich 597, for the proposition that the question of intoxication is always one for the jury if there is any evidence of the use of intoxicating liquor. We do not agree.

First, it should be noted that the evidence of intoxication was significantly stronger in the *Shannon* case than in this one. There, the claim of intoxication was supported by highly erratic driving prior to the accident and the odor of alcohol on the driver's breath two and one-half hours after the accident. Second, that case did not involve the added circumstance of a *passenger's* contributory negligence. Finally, the later case of *Zebell* v. *Krall* (1957), 348 Mich 482, indicates that it is insufficient merely to show that intoxicating liquor was used. The Court in discussing the propriety of the trial judge's charge on intoxication said:

"The court properly cautioned the jury that the evidence in regard to plaintiff's drinking would have to be such as to show that plaintiff was under the influence of liquor to the extent that it impaired his driving." *Zebell* v. *Krall, supra,* 488.

In the case at bar, there is no evidence that Williams' driving was impaired by the two mixed drinks. Furthermore, there is no evidence of any conduct on Williams' part of such character as would have caused a reasonable man to have refused to have ridden with him. See *Graham* v. *United Trucking Service, Inc.* (1950), 327 Mich 694. Under such circumstances the plaintiff as a matter of law was not guilty of contributory negligence and it was error to place the question before the jury. Since we are unable to say that this error did not play a part in the jury's verdict, the judgment in favor of defendant must be reversed and the cause remanded for a new trial.

Reversed and remanded.

All concurred.